[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 03-14650
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 11, 2005
THOMAS K. KAHN
CLERK

D.C. Docket No. 02-20867-CR-PCH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAVIER LOPERA,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

(May 11. 2005)

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before BIRCH, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

This case is before the Court for consideration in light of *United States v. Booker*, 125 S. Ct. 738 (2005). We previously affirmed in part, and vacated and remanded in part Lopera's conviction. *See United States v. Lopera*, Case No. 03-14650 (11th Cir. Jul. 8, 2004) (unpublished). The Supreme Court vacated our prior decision and remanded the case to us for further consideration in light of *Booker.*

On direct appeal, Lopera did not challenge his sentence and did not assert error based on *Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000), or any other case extending or applying the *Apprendi* principle. However, after the opinion in his case was issued, Lopera sought rehearing based on *Blakely v. Washington*, 124 S. Ct. 2531 (2004). We denied the petition for rehearing.

In *United States v. Dockery*, 401 F.3d 1261, 1262–63 (11th Cir. 2005), after the Supreme Court's remand with instructions to reconsider our opinion in light of *Booker*, we relied on our earlier case of *United States v. Ardley*, 242 F.3d 989 (11th Cir.), *cert. denied*, 121 S. Ct. 2621 (2001), which observed:

> Nothing in the *Apprendi* opinion requires or suggests that we are obligated to consider an issue not raised in any of the briefs that appellant has filed with us. Nor is there anything in the Supreme Court's remand order, which is cast in the usual language, requiring that we treat the case as though the *Apprendi* issue had been timely raised in this Court. In the absence of any requirement to the contrary in either *Apprendi* or in the order remanding this case to us, we apply

our well-established rule that issues and contentions not timely raised in the briefs are deemed abandoned.

*Ardley*, 242 F.3d at 990 (citations omitted). Thus, because Dockery had not asserted an *Apprendi* (or its progeny) challenge to his sentence, we reinstated our previous opinion. *Dockery*, 401 F.3d at 1263.

In *United States v. Levy*, 379 F.3d 1241 (11th Cir. 2004), Levy sought to raise a *Blakely* issue on petition for rehearing, although he had never made an *Apprendi*-based argument in his initial brief. *Id.* at 1241–42. We held that Levy waived his *Blakely* claim by not raising it in his initial brief on appeal. *Id.* at 1245.

Because Lopera did not assert error based on *Apprendi* (or its progeny) in his initial brief on appeal, we reinstate our previous opinion in this case and affirm Lopera's conviction and sentence after our reconsideration in light of *Booker*, pursuant to the Supreme Court's mandate. However, because the judgment contains a clerical error in stating that Lopera was convicted of violating "8 U.S.C. § 1324(b)(1)(B)(I)" instead of "8 U.S.C. § 1324(b)(1)(B)(i)," we vacate and remand with instructions for the district court to replace "(I)" with "(i)."

**OPINION REINSTATED IN PART; AFFIRMED IN PART, AND VACATED AND REMANDED IN PART.**

3