[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 22, 2005
THOMAS K. KAHN
CLERK

No. 03-14033
Non-Argument Calendar

_____

D. C. Docket No. 03-00039-CR-3-RV

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN FLOYD MALLORY,
a.k.a. Terry Wayne Mallory,
a.k.a. Zaki Rauf Musheen,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(July 22, 2005)**

**ON REMAND FROM THE SUPREME COURT
OF THE UNITED STATES**

Before BIRCH, DUBINA and COX, Circuit Judges.

PER CURIAM:

The United States Supreme Court vacated the judgment of this court and remanded this case for further consideration in light of *United States v. Booker*, 125 S. Ct. 738 (2005). *Mallory v. United States*, 125 S. Ct. 1338 (2005).

Following remand, we entered an order directing the parties to submit supplemental letter briefs specifically addressing: (1) a description of where, when, and how any *Booker* issue was first raised; and (2) any argument about whether and how the *Booker* decision applies to the present case, and what action the court should take. Defendant concedes that the first time a *Booker* argument was raised before this court was in the Defendant's July 29, 2004, petition for rehearing and rehearing en banc. For that reason, the Government argues, any *Booker* issue Defendant may have raised has been waived. Nonetheless, Defendant asks us to vacate and remand this case for resentencing.

Defense counsel first filed a brief in this court pursuant to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967), raising three issues: (1) whether the district court properly denied the Motion to Dismiss; (2) whether the district court erred by denying a motion to back strike a juror; and (3) whether improper remarks by the prosecutor in closing arguments prejudiced Defendant's substantive rights. We denied the motion and ordered a merits brief to be filed as to the third issue. This court affirmed Defendant's conviction on July 23, 2004. A petition for rehearing and

rehearing en banc was filed on July 28, 2004, arguing that *Blakely v. Washington*, 124 S. Ct. 2531 (2004), required that Defendant be resentenced. That petition was denied.

On appeal, a party must submit all issues in his or her initial brief and may not raise new issues in supplemental briefing. *See United States v. Levy*, 379 F.3d 1241, 1242 (11th Cir.), *reh'g en banc denied*, 391 F.3d 1327 (11th Cir. 2004). The initial brief here, however, was filed pursuant to *Anders v. California*. Under *Anders*, this court is instructed to independently review the record for any non-frivolous issue. *Anders*, 386 U.S. at 744; 87 S. Ct. at 1400; *McCoy v. Newsome*, 953 F.2d 1252, 1256 n.2 (11th Cir. 1992) ("After providing the indigent defendant the opportunity to raise any points in his favor, the court then makes a full examination of the trial proceedings to determine whether the appeal is frivolous."). In light of this court's obligation to independently review the record, we do not hold that the Defendant waived any *Booker* argument on the ground that none was raised in his *Anders* brief before this court.

Having determined that Defendant did not waive any *Booker* argument on appeal, the next question is what standard of review we are to apply. Where a defendant makes a timely objection in the district court, we review any *Booker* issue for harmless error. *United States v. Paz*, 405 F.3d 946, 948 (11th Cir. 2005). If the

3

defendant failed to make a timely objection, review is only for plain error. *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005). Here, the only constitutional objection Defendant made in the district court came after the probation officer filed her first revised Pre-Sentence Report ("PSR"). She had determined, among other things, that Defendant should be classified as an armed career criminal under 18 U.S.C. § 924(e). Defendant filed written objections arguing, in part, that the armed career criminal enhancement was unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000). The probation officer subsequently concluded that the PSR was erroneous, and deleted the armed career criminal enhancement on the ground that the predicate offense did not exist. The *Apprendi* issue was not addressed. Defendant made no further constitutional objection to his sentence. Thus, no constitutional objection was raised by Defendant as to the sentence imposed. Because we conclude that Defendant did not properly raise any *Booker* issue before the district court, our review is only for plain error.

Under plain error review, Mallory bears the burden of establishing (1) error, (2) that is plain, which (3) affects his substantial rights. *Rodriguez*, 398 F.3d at 1298. If these three conditions are met, the court may exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id*. Though Defendant may be able to

4

satisfy the first two prongs of the plain error test, he cannot satisfy the third prong. In order to do so, the Defendant cannot rely on speculation that the judge might have imposed a different sentence, or that he might fare better on remand. *Id*. at 1301. Rather, he must demonstrate "a reasonable probability that if the district court had considered the guidelines range it arrived at using extra-verdict enhancements as merely advisory, instead of mandatory, and had taken into account any otherwise unconsidered § 3553 factors, the court would have imposed a lesser sentence than it did." *Id*. at 1302. Defendant cannot point to anything in the record that suggests the court would have imposed a lesser sentence here. In fact, the record affirmatively shows that the district court would have imposed the same sentence regardless of the then-mandatory nature of the guidelines. (R.5-41 at 14.) We find no plain error, and our previous judgment affirming Defendant's conviction and sentence is therefore reinstated.

JUDGMENT AFFIRMING CONVICTION AND SENTENCE REINSTATED.