630 F.2d 249
 Arthur P. MOSER and Darthea Moser, Plaintiffs-Appellees,
and
The Travelers Insurance Company, Intervenor-Appellee,
and
Crest Engineering, Inc., Third Party Defendant-Appellee,
v.
TEXAS TRAILER CORPORATION, Defendant-Appellant-Appellee,
v.
CRESCENT PETROLEUM, Defendant-Appellant.
 No. 78-2263.
 United States Court of Appeals,
Fifth Circuit.
 Nov. 10, 1980.
 
 Kenneth Tekell, Houston, Tex., for Texas Trailer.
 Robert C. Floyd, Houston, Tex., for Crescent Petroleum.
 John N. Barnhart, Houston, Tex., for Arthur Moser.
 John Palmer Hutcheson, Houston, Tex., for Travelers & Crest Engineering, Inc.
 Appeals from the United States District Court for the Southern District of Texas.
 ON PETITIONS FOR REHEARING
 (Opinion August 11, 1980, 5 Cir., 1980, 623 F.2d 1006)
 Before TUTTLE, AINSWORTH and SAM D. JOHNSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 In our opinion in this case, 623 F.2d 1006, we decided that the defendants had waived the right to a jury trial because they had consented to the filing of an amendment which stated that "this cause of action is within the admiralty jurisdiction of this Honorable Court and pursuant to Section 9(h) of the Federal Rules of Civil Procedure without a jury." Crescent Petroleum and Texas Trailer now move for a rehearing on the alleged ground that although the signature of Crescent's counsel appears at the bottom of the amendment in a statement: "The filing of the Plaintiff's First Amended original Petition is unopposed," this signature was affixed by Plaintiff's counsel and that Crescent's counsel had not, in fact, consented thereto.
 
 
 2
 A copy of this amendment was served on these parties and they then took no exception to the fact that their signature appeared upon the consent. Thereafter, the plaintiff moved to quash the jury demand. Thereupon, Crescent[1] filed a document called "Opposition of Defendants ... to Plaintiff's Motion to Quash Jury Demand." In that document under the heading "Pertinent Facts" Crescent stated:
 
 
 3
 On or about February 24, 1976, the First Amended Original Petition was filed by counsel for Plaintiff Moser. In that pleading, Darthea Moser was added as a party Plaintiff and additional Defendants were named. Furthermore, counsel for the Mosers attempted to change the jurisdiction of the Court from one of diversity of citizenship to admiralty pursuant to the provisions of Rule 9(h), Federal Rules of Civil Procedure. The filing of the amended pleading was unopposed as representations were made to the undersigned by Mr. Barnhart that the only changes being made in the petition were the naming of additional defendants. Nonetheless, not only were additional defendants named, but also an additional plaintiff was added, increase was made in the damages sought, and counsel for the first time sought to base his jurisdiction on maritime grounds.
 
 
 4
 At this time, the Plaintiffs are asking the Court to quash the jury demand made by these four Defendants. Such a request should not be honored by the Court for the reasons set out below.
 
 
 5
 Under the heading "Argument and Authorities" Crescent made no reference to the statement that the filing of the amended pleading was unopposed because of representations made by plaintiff's counsel. Plaintiff did not suggest as a ground for denying plaintiff's motion to quash that Crescent's apparent consent to the motion was not, in fact, freely and intentionally given.
 
 
 6
 Nor in the briefs in this Court did Crescent or Texas Trailer raise this issue. They discussed the propriety of the Court's quashing the jury upon the assumption that the record before the Court spoke the truth. Now for the first time, upon petition for rehearing, Crescent and Texas Trailer ask the Court to remand the case to the trial court to determine whether the consent, apparent on the face of the pleadings, had been actually given.
 
 
 7
 The Court will not, for the first time on petition for rehearing, open up this question for inquiry.
 
 
 8
 These and the remaining petition for rehearing are DENIED.
 
 
 
 [1]
 Texas Trailer had not at this time been served with the complaint