[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 3, 2004
THOMAS K. KAHN
CLERK

_____

No. 01-17133

_____

D. C. Docket No. 99-08125-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAPHAEL R. LEVY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 3, 2004)**

ON PETITION FOR REHEARING

Before ANDERSON, HULL and PRYOR, Circuit Judges.

PER CURIAM:

On June 23, 2004, and after oral argument, this Court affirmed Appellant

Levy's federal sentences. United States v. Levy, ___ F.3d ___ , 2004 WL

1389714 (June 23, 2004). This matter is now before the Court on Appellant

Levy's Petition for Rehearing, which we hereby deny. One matter in his Petition warrants further discussion.

Appellant Levy's Petition seeks to raise a new sentencing issue based on Blakely v. Washington, __ U.S. __, 124 S. Ct. 2531 (2004). In Blakely, the United States Supreme Court extended the rule announced in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d. 435 (2000).[1] On appeal, Blakely argued that the State of Washington's sentencing procedure deprived him of this right to have a jury determine beyond a reasonable doubt all facts legally essential to his sentence. Blakely, 124 S. Ct. at 2536. The state appellate courts rejected Blakely's argument and affirmed. Id. On certiorari review, the Supreme Court reversed in a 5-4 decision, holding that Blakely's enhanced sentence violated Apprendi. Id. at 2543. Notably, the Supreme Court rejected the state's argument that Blakely's case was distinguishable from Apprendi because his 90-month sentence did not exceed the 10-year statutory maximum for Class B felonies. Id. at 2537-40; see also In re Dean, __ F.3d __, 2004 WL 1534788 (11th

---

[1]In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000).

Cir. July 9, 2004) (discussing how <u>Blakely</u> was based on <u>Apprendi</u> and concluding <u>Blakely</u> is not retroactive to cases on collateral review).

Levy's Petition concedes that his initial brief on appeal did not claim that he had a Sixth Amendment right to a jury trial on his federal sentencing enhancements.[2] His Petition argues that "[t]he reasoning of <u>Apprendi</u>, <u>Ring</u>, and <u>Blakely</u> make clear however that the United States [Sentencing] Guidelines includes the identical constitutional infirmity as set forth in the Washington State Guidelines" in <u>Blakely</u>.

In denying Levy's Petition, we do not entertain this new issue because Levy did not timely raise it in his initial brief on appeal. This Court repeatedly has refused to consider issues raised for the first time in a petition for rehearing. <u>See, e.g.</u>, <u>United States v. Martinez</u>, 96 F.3d 473, 475 (11th Cir. 1996) ("We do not consider issues or arguments raised for the first time on petition for rehearing."); <u>Scott v. Singletary</u>, 38 F.3d 1547, 1552 n.7 (11th Cir. 1994) (concluding that defendant "could not raise the issue for the first time in a petition for rehearing");

---

[2]In considering the vulnerable victim enhancement during sentencing, the district court allowed Kozyak, appearing as restitution counsel, to make comments against Levy and also permitted the victims of Levy's fraudulent schemes to testify over his objection. <u>United States v. Levy</u>, 2004 WL 1389714, at *4 . On appeal, Levy claimed that in doing so, the district court violated his due process rights. <u>Id.</u> at *11. However, Levy never made any claim that he was entitled to a jury trial, as opposed to judge-fact-findings, on this sentencing enhancement. Instead, Levy's claim was that the district court judge erred in permitting the victims' testimony and Kozyak's remarks. <u>Id.</u>

United States v. Fiallo-Jacome, 874 F.2d 1479, 1481 (11th Cir. 1989) ("An appellant in a criminal case may not raise an issue for the first time in a reply appellate brief . . . or for the first time in a petition for rehearing by an appellate court.") (citations omitted); Dunkins v. Thigpen, 854 F.2d 394, 399 n.9 (11th Cir. 1988) (refusing to consider new issue in petition for rehearing); Holley v. Seminole County Sch. Dist., 763 F.2d 399, 401 (11th Cir. 1985) ("[S]ince appellees did not brief or argue the applicability of § 1738 or any related doctrine of administrative preclusion in their briefs to this panel[,] we will not entertain these thorny questions presented for the first time in appellees' petition for rehearing."); United States v. Richards, 646 F.2d 962, 963 (5th Cir. June 1, 1981) ("[A]bsent exceptional circumstances we do not consider issues that are first presented in an application for rehearing"); Moser v. Texas Trailer Corp., 630 F.2d 249, 250 (5th Cir. 1980) ("The Court will not, for the first time on petition for rehearing, open up this question for inquiry.").

Similar to petitions for rehearing, and even before a decision on the merits of a direct appeal is issued, this Court repeatedly has denied motions to file supplemental briefs that seek to raise new issues not covered in an appellant's initial brief on appeal. See, e.g., Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1322 (11th Cir. 2001) ("[S]ince Wilkerson did not raise this issue until her

supplemental reply brief, we deem it abandoned. . . ."); United States v. Padilla-Reyes, 247 F.3d 1158, 1164 (11th Cir. 2001) ("[B]ecause Padilla did not raise this issue in his initial brief to this court, we apply the rule that parties cannot properly raise new issues at supplemental briefing, even if the issues arise based on intervening decisions or new developments cited in supplemental authority."); United States v. Ardley, 242 F.3d 989, 990 (11th Cir. 2001) (collecting cases) ("[W]e apply our well-established rule that issues and contentions not timely raised in the briefs are deemed abandoned."); United States v. Nealy, 232 F.3d 825, 830 (11th Cir. 2000) ("Defendant abandoned the [Apprendi] indictment issue by not raising the issue in his initial brief."); McGinnis v. Ingram Equip. Co., Inc., 918 F.2d 1491, 1495-97 (11th Cir. 1990) (en banc) (refusing to hear an argument raised for the first time in a supplemental brief because it was "not properly presented for decision in this case");[3] Fed. Sav. and Loan Ins. Corp. v. Haralson,

---

[3]In McGinnis, the appellant argued that he should be allowed to present a new issue "because there was no way it could have predicted the Supreme Court's ultimate conclusions in the Patterson case." 918 F.2d at 1496. The en banc Court rejected that argument stating:

> Although it may be true that no one could have predicted the Supreme Court's resolution of the Patterson case, it is also true that the general argument that section 1981 does not extend to the conduct with which Ingram was charged was available to Ingram at the time of trial and at the time of appeal.

918 F.3d at 1496. Similarly, while Levy may not have predicted the Supreme Court's ultimate conclusions in Blakely, it is also true that the general argument that a jury must determine all facts regarding sentence enhancements was available to Levy and indeed made by defendants ever since the Sentencing Guidelines came into being. See, e.g., McCoy v. United States, 266 F.3d 1245, 1258 (11th Cir. 2001) (discussing how the foundation for Apprendi was laid years before the Supreme Court announced Apprendi); Garrott v. United States, 238 F.3d 903, 905-06

813 F.2d 370, 373 n.3 (11th Cir. 1987) ("[I]ssues that clearly are not designated in the appellant's brief normally are deemed abandoned."); see also United States v. Ford, 270 F.3d 1346, 1347 (11th Cir. 2001) ("[O]ur well established rule is that issues and contentions not timely raised in the briefs are deemed abandoned.").

For example, in Nealy, this Court noted that "[p]arties must submit all issues on appeal in their initial briefs." 232 F.3d at 830 (citing Fed. R. App. P. 28(a)(5)). The Nealy Court held that supplemental briefs will be authorized, pursuant to 11th Cir. R.28-1, I.O.P.-5, only when intervening decisions or new developments arise after the moving party's brief has been filed and only when that new authority relates to an issue or issues already properly raised in the party's initial brief. Id.[4] The Court expressly held that "parties cannot properly raise new issues at supplemental briefing, even if the [new] issues arise based on the intervening decisions or new developments cited in the supplemental authority." Id. The new indictment issue we refused to hear in Nealy was Apprendi-based.

---

(7th Cir. 2001) (noting that "[o]ther defendants began making Apprendi-like arguments soon after the Sentencing Guidelines came into being"). As we did in McGinnis, 918 F.2d at 1496, we conclude that "there would be no miscarriage of justice if we decline to address" Blakely-type issues not raised in opening briefs on appeal.

[4]Eleventh Circuit Rule 28-1, I.O.P.-5 states:
5. Supplemental Briefs. Supplemental briefs may not be filed without leave of court. The court may, particularly after an appeal is orally argued or submitted on the non-argument calendar, call for supplemental briefs on specific issues.

As for reply briefs, this Court follows this same rule and repeatedly has refused to consider issues raised for the first time in an appellant's reply brief. See, e.g., KMS Rest. Corp. v. Wendy's In'l, Inc., 361 F.3d 1321, 1328 n.4 (11th Cir. 2004) (quoting Tallahassee Mem'l Reg'l Med. Ctr. v. Bowen, 815 F.2d 1435, 1446 n.16 (11th Cir. 1987), and stating "[A] party cannot argue an issue in its reply brief that was not preserved in its initial brief."); United States v. Whitesell, 314 F.3d 1251, 1256 (11th Cir. 2002) ("We need not address this issue because Whitesell raises it for the first time in his reply brief."), cert. denied, 539 U.S. 951 (2003); United States v. Dicter, 198 F.3d 1284, 1289 (11th Cir. 1999) (concluding that defendant "has waived" a claim because he raised it for the first time in his reply brief), United States v. Martinez, 83 F.3d 371, 377 n.6 (11th Cir. 1996) (declining to consider arguments raised for the first time in a reply brief); Jackson v. United States, 976 F.2d 679, 680 n.1 (11th Cir. 1992) (refusing to consider an issue of an insufficient indictment because it was raised for the first time in a reply brief); United States v. Oakley, 744 F.2d 1553, 1556 (11th Cir. 1984) ("Arguments raised for the first time in a reply brief are not properly before the reviewing court."); United States v. Benz, 740 F.2d 903, 916 (11th Cir. 1984) (same).

To allow a new issue to be raised in a petition for rehearing, or a supplemental brief, or a reply brief circumvents Federal Rule of Appellate

Procedure 28(a)(5), which requires that an appellant's initial brief must contain "a statement of the issues presented for review." While some of our decisions refusing to consider new issues in reply, supplemental, or rehearing briefs have mentioned this rule or its predecessor, others have not. Whatever the basis, our practice has been longstanding. As we have explained, the rule requiring that issues be raised in opening briefs "serves valuable purposes, as do all of the procedural default rules, which is why we regularly apply them. See generally Presnell v. Kemp, 835 F.2d 1567, 1573-74 (11th Cir. 1988)." United States v. Ardley, 273 F.3d 991, 991 (11th Cir. 2001) (en banc). Importantly, this rule applies neutrally to all appellants, whether the government or the defendant.

It is also worthy of note that Fed. R. App. P. 28(j) recognizes that "pertinent and significant authorities" could come to light after a party's initial brief was filed, and that rule allows a party to file a supplemental authority in order to bring such authority to the court's attention. Likewise, under 11th Cir. R.40-5, a party may submit a letter brief "if pertinent and significant authorities come to a party's attention while a party's petition for rehearing" is pending. However, Fed. R. App. P. 28(j) specifically states that a party must "state the reasons for the supplemental citations, referring either to the page of the brief or to a point argued orally." (Emphasis added). This language further underscores that an appellant's

8

supplemental authority must relate to an issue previously raised in a proper fashion, and that an appellant cannot raise a wholly new issue in a supplemental authority letter or brief.

Levy does cite a few decisions where this Court apparently considered a new issue raised in a supplemental brief.  United States v. Diaz, 248 F.3d 1065, 1104 (11th Cir. 2001); United States v. Thomas, 242 F.3d 1028, 1034 (11th Cir. 2001); United States v. Audain, 254 F.3d 1286, 1288-89 (11th Cir. 2001); United States v. Gerrow, 232 F.3d 831, 833 & n.2 (11th Cir. 2001); United States v. Walker, 228 F.3d 1276, 1278 n.1 (11th Cir. 2000).  We also have located a decision where we allowed a new issue to be raised in a petition for rehearing. United States v. Candelario, 240 F.3d 1300, 1311 (11th Cir. 2001) (reviewing for plain error an issue raised for the first time in a petition for rehearing but concluding the error did not affect defendant's substantial rights).  However, these decisions do not mention, much less discuss, Fed. R. App. P. 28 or any of the binding, prior panel precedents, which preclude the raising of new issues in rehearing petitions and in supplemental and reply briefs.  These decisions also do not discuss or cite any authority for considering the merits of new issues not raised in an appellant's initial brief on appeal.  There is also no indication in them that the untimely raising of a new issue was opposed.  Also, none of these cases

9

granted relief on the new issue, except for <u>Audain</u>, where the government confessed error in the supplemental brief it filed.  Finally, and more importantly, where there is conflicting prior panel precedent, we follow the first in time.  <u>See, e.g.</u>, <u>S.E.C. v. Ginsburg</u>, 362 F.3d 1292, 1298 (11th Cir. 2004).

For the reasons discussed above, we conclude that Appellant Levy has waived his <u>Blakely</u>-type claim by not raising it in his initial brief on appeal. Accordingly, Levy's Petition for Rehearing is denied.