IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
April 13, 2004 Session

## STATE OF TENNESSEE v. PATRICIA WHITE & CRAIG WHITE

### Direct Appeal from the Criminal Court for Gibson County

### No. 16216 & 16216-1    L. T. Lafferty, Judge

### No. W2003-00751-CCA-R3-CD  - Filed October 15, 2004

DAVID G. HAYES, Judge, concurring in part; dissenting in part.

The majority concludes that modification of the defendant, Patricia White's, sentence is required in light of the United States Supreme Court's recent decision in *Blakely v. Washington*, 542 U.S. __, 124 S. Ct. 2531 (2004).  For the following reasons, I must respectfully dissent.

First, the defendant has never sought modification of the sentence length.  Generally, review by an appellate court extends only to those issues presented for review.  Tenn. R. App. P. 13(b).

Second, any sentencing challenge available to the defendant under *Blakely* is now waived because the defendant never objected at trial to what the majority now concludes is a constitutionally invalid sentencing scheme.  Tenn. R. App. P. 36(a).  In *Blakely*, the Supreme Court did not pronounce a new rule of law.  Rather, it only provided an explanation of the rule previously expressed in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000), with regard to the term "statutory maximum."  Clearly, the defendant could have raised this issue under *Apprendi* just as the defendant *Blakely* did in his case at the trial level and on appeal.  Here, the defendant did neither. In finding waiver under these same circumstances, the court in *United States v. Levy*, 379 F.3d 1241 (11th Cir. 2004) observed, "the rule requiring that issues be raised in opening briefs serves valuable purposes, as do all of the procedural default rules, which is why we regularly apply them." Moreover, in *United States v. Cotton*, 535 U.S. 625, 631-34, 122 S. Ct. 1781, 1785-87 (2002), the Supreme Court held, after its decision in *Apprendi*, that the defendant's claim of right to a trial and finding by a jury on a fact used to enhance the defendant's sentence was forfeited because it was not raised at trial.  Accordingly, I find any *Blakely* claim waived (1) for failure to make a contemporaneous objection in the trial court and (2) for failure to include the issue in her appellate brief.  *See* Tenn. R. App. P. 3(e), 36(a).

Finally, because the issue is waived, it is reviewable only under the discretionary authority of plain error. Tenn. R. Crim. P. 52(b). Rule 52(b) provides, "[a]n error which has affected the substantial rights of an accused may be noticed at any time, even though not raised in the motion for a new trial or assigned as error on appeal, in the discretion of the appellate court where necessary to do substantial justice." This court is permitted to correct an error not raised before the trial court only when (1) the lower record is clear, (2) a clear rule of law has been breached, (3) a substantial right has been affected, (4) the waiver was non-tactical, and (5) consideration of the error is necessary to do substantial justice. *State v. Smith*, 24 S.W.3d 282-83 (Tenn. 2000) (adopting the test articulated by this court in *State v. Adkisson*, 899 S.W.2d 626, 642 (Tenn. Crim. App. 1994)). The asserted "'plain error' must [have been] of such a great magnitude that it probably changed the outcome of the trial." *Adkisson*, 899 S.W.2d at 642.

First, assuming that the error is plain, my review of the record fails to demonstrate that the fifth factor of plain error analysis is satisfied. The proof at trial established beyond a reasonable doubt the presence of enhancing factors (3), the offense involved more than one victim, and (16), the defendant abused a position of private trust. Tenn. Code Ann. § 40-35-114(4), (16) (2003). Furthermore, the record established the presence of mitigating factor (1), the defendant's criminal conduct neither caused nor threatened serious bodily injury. Tenn. Code Ann. § 40-35-114(1) (2003). Proof of these enhancing factors is not in dispute nor are they challenged on appeal. Accordingly, I conclude that a jury would have found these enhancing factors and, when weighed against the one mitigating factor, would have permitted imposition of a sentence of one year beyond the statutory minimum. In view of these circumstances, the defendant has failed to establish that consideration of the error is "necessary to do substantial justice" or that the error would have changed the outcome of the sentencing decision. *See generally State v. Howell*, 868 S.W.2d 238 (Tenn. 1993).

The reasoning of the United States Supreme Court in *Cotton* is similar to, but not identical with, harmless error analysis. The court previously had explained that invariably to refuse to consider errors when no objection was made would be out of harmony with rules of fundamental justice. Accordingly, if the defendant points to plain error that affected substantial rights, then an appellate court has discretion to correct the error. Normally, although perhaps not in every case, the defendant must make a specific showing of prejudice to satisfy the "affecting substantial rights" prong of Rule 52(b). But such a showing is not itself sufficient. An appellate court should not correct the error unless it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."

It was this latter test the Supreme Court applied in *Cotton*, concluding that when the defendants did not object in the district court to the sentencing proceeding and did not attempt to dispute or controvert the evidence in support of a sentencing factor that justified the sentence imposed, and the evidence of the factor was overwhelming, then forfeiture applies and reversal on appeal is wholly unwarranted.

*People v. George Carl Sample*, No. C044445 (Cal. Ct. App., 3rd D. Sept. 13, 2004) (internal citations omitted).

        For the above reasons, I would affirm the defendant's suspended sentence of four years. Regarding the majority's analysis of the applicability of *Blakely* to restitution, I find such analysis unnecessary as I read *Blakely* to be limited to sentence length. In all other respects, I join with the majority.

_____
David G. Hayes, Judge