[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**May 3, 2005**
**THOMAS K. KAHN**
**CLERK**

No. 04-10421
Non-Argument Calendar

_____

D. C. Docket No. 03-14034-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD ANTHONY MANDILE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 3, 2005)**

Before CARNES, HULL and PRYOR, Circuit Judges.

PER CURIAM:

This appeal of Richard Anthony Mandile regarding the propriety of his 240-

month prison sentence for bank robbery is on remand from the United States Supreme Court for further consideration in the light of United States v. Booker, ___ U.S. ___, 125 S. Ct. 738 (2005). Mandile v. United States, ___ U.S. ___, 125 S. Ct. 1405 (2005). Because our previous opinion was vacated, we consider two issues: first, whether the district court erred by punishing Mandile twice for his escape attempt; and second, whether Mandile was incorrectly sentenced under Booker. After reconsideration, we again affirm Mandile's sentence.

Mandile pleaded guilty to bank robbery, but before sentencing Mandile assaulted a federal marshal while attempting to escape from custody. We review de novo Madile's argument that the district court incorrectly applied sentence enhancements to punish him twice for his escape attempt. United States v. Amedeo, 370 F.3d 1305, 1312 (11th Cir. 2004). Under 18 U.S.C. section 3742(f)(1), we must remand this case if Mandile's sentence was imposed because the district court applied the sentencing guidelines incorrectly unless "the error did not affect the district court's selection of the sentence imposed." Williams v. United States, 503 U.S. 193, 203, 112 S. Ct. 1112, 1121 (1992). Because Mandile received an enhanced sentence for being a career offender and the enhancements about which Mandile complains did not affect his sentence, we affirm.

Mandile pleaded guilty to a violation of 18 U.S.C. section 2113(a), which resulted in a base offense level of 20. At the sentencing hearing, the district court raised and discussed potential enhancements for Mandile's escape attempt. Mandile argues that the district court should not have assigned both an obstruction of justice enhancement and an enhancement for reckless endangerment and assaulting the marshal in the course of his escape attempt, which, combined with other enhancements about which Mandile does not complain, raised his offense level to 28. Because he was a category VI career criminal, Mandile was assigned an adjusted offense level of 32. Based on those calculations, under section 4B1.1 of the sentencing guidelines, Mandile received the statutory maximum of 240 months' imprisonment.

According to section 4B1.1 of the Guidelines, a career offender will be assigned the greater of either the offense level in subsection (b) or the maximum offense level that the offender has earned based on other calculations. Mandile was sentenced, without objection, as a career offender; even if the district court erred by including the enhancements for obstruction of justice and reckless endangerment, those enhancements did not affect his sentence. The error, if any, was harmless.

Second, Mandile's Booker argument fails because he waived that argument

3

by failing to present it in his initial brief. Mandile cited <u>Blakely v. Washington</u>, ___ U.S. ___, 124 S. Ct. 2531 (2004), for the first time as supplemental authority to this Court after he filed his initial brief, which did not raise a <u>Blakely</u>/<u>Booker</u> argument. That supplemental authority was struck by this Court, and was not considered in our earlier panel decision. <u>United States v. Levy</u>, 379 F.3d 1241, 1242-44 (11th Cir.), <u>rehearing en banc denied</u>, 391 F.3d 1327 (11th Cir. 2004).

**AFFIRMED.**