[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 9, 2005
THOMAS K. KAHN
CLERK

No. 04-10702
Non-Argument Calendar

_____

D. C. Docket No. 03-00258-CR-2-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN CARLOS TRASVINA ALVAREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 9, 2005)

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before CARNES, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

This appeal of Juan Carlos Trasvina Alvarez regarding the propriety of his conviction and sentence for conspiracy to possess with intent to distribute cocaine is on remand from the Supreme Court of the United States for further consideration in the light of United States v. Booker, 543 U.S. —, 125 S. Ct. 738 (2005). See Alvarez v. United States, — U.S. —, 125 S. Ct. 1717 (2005). We previously affirmed Alvarez's sentence. United States v. Alvarez, No. 04-10702 (11th Cir. Nov. 17, 2005). After reconsideration, we again affirm Alvarez's conviction and sentence, and we reinstate our previous opinion.

The decision of the Supreme Court in Booker does not change our resolution of this appeal. As we explained before, in his plea agreement, Alvarez agreed to waive his right to appeal his sentence. An appeal waiver that is part of a knowing and voluntary plea agreement is enforceable, United States v. Bushert, 997 F.2d 1343, 1350-51 (11th Cir. 1993), and we have held that "the right to appeal a sentence based on Apprendi/Booker grounds can be waived in a plea agreement." United States v. Rubbo, 396 F.3d 1330, 1335 (11th Cir. 2005). During Alvarez's plea colloquy, the district court specifically questioned Alvarez regarding the appeal waiver, and Alvarez confirmed that he understood and agreed voluntarily to it. Alternatively, again as we explained in our previous opinion,

2

Alvarez also did not raise a <u>Booker</u> or <u>Blakely</u> challenge to his sentence in his opening brief. Because Alvarez first raised that issue in his reply brief, the argument was waived. <u>United States v. Duncan</u>, 400 F.3d 1297, 1299 n.1 (11th Cir. 2005); <u>see also</u> <u>United States v. Levy</u>, 379 F.3d 1241, 1244 (11th Cir. 2004) (per curiam).

After reconsideration, we again affirm and reinstate our previous opinion.

**OPINION REINSTATED; AFFIRMED.**