[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 18, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16224
Non-Argument Calendar

_____

D.C. Docket No. 06-00146-CV-1

ARTHUR JOHNSON,

Plaintiff-Appellant,

versus

MILLER BREWING COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(June 18, 2009)

Before CARNES, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Arthur Johnson, an African-American male, proceeding through counsel,

appeals from the district court's grant of summary judgment in favor of his

employer, Miller Brewing Company, in his racial discrimination suit pursuant to

Title VII, 42 U.S.C. § 2000(e)-2(a).[1] Johnson, who previously worked in the

Quality department of one of Miller's factories without incident, was assigned to a

supervisory position in charge of a "keg-line" in the Packaging department. After

production difficulties developed, Miller reassigned Johnson to work in his former

department, without a cut in pay, and noted both his performance problems, as

well as his experience in the Quality department, as its reasons for the

reassignment. Johnson responded by filing the present suit.

Johnson argues on appeal that the district court erred in finding that he

failed to establish a prima facie case that Miller treated similarly situated managers

more favorably. Johnson asserts that two white managers, Shuman and Brown,

also did not meet Miller's objective performance standards yet received better

performance evaluation ratings and were not reassigned. Johnson argues since all

three managers fell short of the objective benchmarks, the district court erred in

---

[1]Johnson does not challenge on appeal the grant of summary judgment as to his tortious interference with employment, intentional infliction of emotion distress, and 42 U.S.C. § 1981 claims. Accordingly, any claim in this respect is waived. See United States v. Levy, 379 F.3d 1241, 1242-43 (11th Cir. 2004) (holding that claims not raised in the initial brief are deemed waived).

exploring the degree of failure between them.

We review a district court order granting summary judgment de novo, viewing all the facts in the record in the light most favorable to the non-moving party, and drawing all inferences in his favor. Frederick v. Sprint/United Mgmt. Co., 246 F.3d 1305, 1311 (11th Cir. 2001). A party opposing a properly submitted motion for summary judgment must set forth specific facts showing the genuine issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). The nonmoving party must provide more than a "mere scintilla of evidence" to survive such a motion, and there must be a substantial conflict in evidence to support a jury question. Mendoza v. Borden, Inc., 195 F.3d 1238, 1244 (1 1th Cir. 1999) (en banc).

Title VII makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race." 42 U.S.C. § 2000e-2(a)(1). In evaluating a Title VII disparate treatment claim supported by circumstantial evidence, we use the analysis as set forth in McDonnell Douglas Corp. v. Green, 41 1 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1087 (1 1th Cir. 2004). Under this framework, the plaintiff has the burden of establishing a prima facie case of disparate

3

treatment, which he can do by "showing that [he] was a qualified member of a protected class and was subjected to an adverse employment action in contrast with similarly situated employees outside the protected class." Id.

A plaintiff is similarly situated to another employee only if the "quantity and quality of the comparator's misconduct" are "nearly identical." Burke-Fowler v. Orange County, Fla., 447 F.3d 13 19, 1323 (1 1th Cir. 2006) (citation and quotation omitted). Likewise, plaintiff and the comparators must be similarly situated in "all relevant respects." Wilson, 376 F.3d at 1091 (citation omitted). This prevents "courts from second-guessing employers' reasonable decisions and confusing apples with oranges." Burke-Fowler, 447 F.3d at 1323 (citation and quotation omitted).

In Knight v. Baptist Hospital of Miami, 330 F.3d 1313, 13 19, (11th Cir. 2003), we affirmed the grant of summary judgment against the plaintiff by finding that the proffered comparator was not similarly situated. We specifically noted that while both employees displayed similar "histories of problems with coworkers," the comparator's record was "substantially better" than the plaintiff's regarding the areas of "job performance and tardiness." Id. at 13 16-17. In addition, we noted that even though the comparator also experienced difficulties in terms of job performance and tardiness, the plaintiff's "documented performance

4

and tardiness problems" were substantially worse in "both number and nature." Id. at 13 17-13 19.

In this case, Johnson failed to demonstrate that the two white managers were treated more favorably by Miller. Our holding in Knight squarely refutes Johnson's arguments that "failure is failure" and the relative "degrees of failure" cannot be taken into account. See id. at 13 16-17. Similar to the plaintiff in Knight, Johnson only proffered comparators who also failed objective performance benchmarks without considering the degree of failure that separated him from the rest. Id. at 13 17-19. Since Johnson was the worst performer of the three, he failed to prove a prima facie case that similarly situated employees were treated more favorably by Miller.[2]

AFFIRMED.

---

[2]Accordingly, we need not reach the issue of whether Miller proffered a legitimate, non-discriminatory reason for its actions and, whether Johnson proffered any evidence to show that the reason given was pretextual.