[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12463

_____

D. C. Docket No. 07-00286-CV-BBM-1

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 8, 2010
JOHN LEY
ACTING CLERK

THE INSURANCE HOUSE, INC.,
a Georgia Corporation,

Plaintiff-Appellant,

versus

INSURANCE DATA PROCESSING, INC.,
a Pennsylvania Corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 8, 2010)

Before CARNES, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

After oral argument and careful consideration, we conclude that the

particular arguments made by Appellant in the district court and in its initial brief on appeal failed to persuade us that the district court erred. Pursuant to 28 U.S.C. §1292(b), the district court certified, and this Court accepted, the following issue for interlocutory appeal: Whether Insurance House may recover actual and consequential damages for alleged breaches of §1.2 of the Delivery Agreement by IDP. The district court held that §1.6 of the Delivery Agreement was a liquidated damages provision which precluded recovery of actual and consequential damages. In its initial brief on appeal, appellant Insurance House makes three arguments: (1) that §1.6 is not a liquidated damages clause because it is not thus labeled, does not disclaim other damages, and, pursuant to the general rule of the applicable Pennsylvania law, a specification of certain damages does not exclude other legally recognized remedies; (2) that §1.6 is ambiguous, and parol evidence should have been admitted and considered; and (3) that §1.6 cannot be considered the exclusive remedy because that would render §5.10 surplusage.

With respect to the first of these arguments, Appellant's initial brief on appeal has failed to persuade us that the district court erred. Although it is true that §1.6 of the Delivery Agreement does not label itself as a "liquidated damages" provision, and although it does not otherwise expressly use language which precludes recovery of actual or consequential damages, Pennsylvania case law

2

does not require such labeling. See Holt's Cigar Co. v. 222 Liberty Ass'n, 591 A.2d 743, 749 n.5 (Pa. Super. Ct. 1991). Thus, the absence of such labeling is not dispositive. As part of this argument, Appellant cites a general contractual principal of law to the effect that the specification of a particular remedy does not necessarily exclude others. In support of this general proposition, Appellant relies heavily upon Cedrone v. Unity Sav. Ass'n, 609 F.Supp. 250 (E.D. Pa. 1985). However, as the district court pointed out, the Cedrone case did not involve the issue of whether the provision was a liquidated damages clause. As the district court pointed out, under Pennsylvania law, the issue of whether a contract provision is a liquidated damages provision is an inquiry distinct from whether an ordinary contract provision provides an exclusive remedy. Because a liquidated damages provision is by definition a good faith effort to estimate in advance the actual damage that will probably ensue, there cannot also be recovery of actual damages. See Pantuso Motors, Inc. v. Corestates Bank, N.A., 798 A.2d 1277, 1282 (Pa. 2002); Carlos R. Leffler, Inc. v. Hutter, 696 A.2d 157, 162 (Pa. Super. Ct. 1997). This is clear as a matter of Pennsylvania case law, and also as a matter of common sense. Thus, Appellant's argument in its initial brief on appeal is not persuasive.

With respect to Appellant's argument that §1.6 is ambiguous, thus

permitting parol evidence, Appellant's argument in its initial brief on appeal fails to cite persuasive reasons why the provision is ambiguous. Accordingly, we cannot conclude that the district court erred in excluding parol evidence.

Appellant's initial brief on appeal makes a final argument. Appellant argues that §1.6 cannot be construed as an exclusive remedy because that would render §5.10 of the Delivery Agreement surplusage. Appellant's argument in this regard is flawed for at least three reasons. First, as the district court noted, a liquidated damages clause does not preclude all other remedies. The district court held only that it precluded recovery of actual or consequential damages, precisely the kind of damages that a liquidated damages clause attempts to estimate. Second, Pennsylvania case law has expressly contemplated the availability of more than one liquidated damage provision. See Allied Fire & Safety Equip. Co. v. Dick Enter., Inc., 972 F. Supp. 922, 934-35 (E.D. Pa. 1997). Finally, in any event, §5.10 is clearly not a liquidated damage provision. Rather, it acknowledges that IDP owes Appellant reimbursement for a bonus previously paid but not earned, and provides for release of IDP's obligation to reimburse if IDP completes delivery in a timely manner.

4

For the foregoing reasons,[1] the judgment of the district court is

AFFIRMED.

---

[1] We note that several arguments were made for the first time in Appellant's reply brief. Although it is doubtful that the arguments would be successful in making additional remedies available to Appellant, we decline to address such belated arguments, pursuant to our well-established precedent. See United States v. Levy, 379 F.3d 1241, 1242-43 (11th Cir. 2004) (holding that claims not raised in the initial brief are deemed waived).