[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12651
Non-Argument Calendar
_____

D.C. Docket No. 0:12-cr-60101-RSR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VLADIMYR JEAN BAPTISTE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 20, 2015)

Before TJOFLAT, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

Vladimyr Jean Baptiste appeals his convictions for conspiracy to smuggle

firearms from the United States, in violation of 18 U.S.C. § 371, and dealing in firearms without a federal license, in violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a), and 924(a)(1)(D).  On appeal, Baptiste argues that the evidence was insufficient because two witnesses were not credible, and most of the other evidence only documented his legal activities, such as buying firearms, flying to and from Haiti, and shipping personal effects and dog food to Haiti.  Baptiste also argues that the Government did not prove that he was engaged in the business of selling firearms because it did not prove that he devoted time, attention, and labor to selling firearms, and therefore he was not required to apply for a license from the Attorney General.[1]

We review *de novo* the denial of a motion for judgment of acquittal and the sufficiency of the evidence.  *United States v. Hunt*, 526 F.3d 739, 744 (11th Cir. 2008).  In reviewing a claim of insufficient evidence, we examine the evidence in the light most favorable to the Government and draw all reasonable inferences in favor of the verdict.  *United States v. Verbitskaya*, 406 F.3d 1324, 1335 (11th Cir. 2005).  We affirm if a reasonable trier of fact could have found the essential elements beyond a reasonable doubt.  *Id.*  The Court assumes that the jury made all credibility choices in a manner that supports its verdict.  *United States v. Jiminez*,

---

[1]    In his reply brief, Baptiste also objects to hearsay evidence and claims a violation of his due process rights under *Napue v. Illinois*, 360 U.S. 264, 79 S. Ct. 1173 (1959).  We will not entertain these issues because they were not timely raised in Baptiste's initial brief.  *United States v. Levy*, 379 F.3d 1241, 1242 (11th Cir. 2004).

564 F.3d 1280, 1285 (11th Cir. 2009).

"The elements of a conspiracy under 18 U.S.C. § 371 are (1) an agreement among two or more persons to achieve an unlawful objective; (2) knowing and voluntary participation in the agreement; and (3) an overt act by a conspirator in furtherance of the agreement." *United States v. Hasson*, 333 F.3d 1264, 1270 (11th Cir. 2003). The overt act may be innocent in nature as long as it furthers the purpose of the conspiracy. *United States v. Campa*, 529 F.3d 980, 1002 (11th Cir. 2008). The Government may prove a conspiracy with circumstantial evidence alone "[b]ecause the essential nature of conspiracy is secrecy." *United States v. Adkinson*, 158 F.3d 1147, 1153 (11th Cir. 1998).

To convict a defendant of dealing in firearms without a license, the Government must show that the defendant: (1) engaged in the business of dealing in firearms; (2) did not have a license issued under federal law; and (3) knew that his conduct was unlawful. *See* 18 U.S.C. § 922(a)(1)(A); *Bryan v. United States*, 524 U.S. 184, 188-89, 196, 118 S. Ct. 1939, 1943-44, 1947 (1998). Section 921(a)(21)(C) defines "engaged in the business" relative to a dealer in firearms as "a person who devotes time, attention, and labor to dealing in firearms as a regular course of trade or business with the principal objective of livelihood and profit through the repetitive purchase and resale of firearms." 18 U.S.C. § 921(a)(21)(C). The fact finder examines the intent of the defendant and all

3

surrounding circumstances to determine if the defendant engaged in the business of dealing in firearms. *See United States v. Bailey*, 123 F.3d 1381, 1392 (11th Cir. 1997).

Upon review of the record and consideration of the parties' briefs, we affirm.

Baptiste's argument, that the evidence is insufficient because two of the witnesses, Agent Ali Berisha and Michel Bosquet, are not credible, is unavailing because this Court assumes the jury made all credibility choices in favor of the verdict. *Jiminez*, 564 F.3d at 1285. Based on Bosquet's testimony, that Baptiste shipped guns to Pierre Mendes, and the circumstantial evidence of Baptiste purchasing guns, shipping dog food to Bosquet, and flying to Haiti shortly after the purchases and shipments, the Government proved the three elements of conspiracy under § 371. *See Hasson*, 333 F.3d at 1270. Baptiste's argument, that it was legal for him to buy firearms, ship dog food, and fly to Haiti, does not undermine the sufficiency of the evidence because the overt acts in furtherance of the conspiracy may be innocent acts. *See Campa*, 529 F.3d at 1002. Further, the testimony of Bosquet and Berisha, if believed by the jury, supports the inference that the firearms purchases, dog food shipments, and flights to Haiti were in furtherance of the conspiracy. *See id.*

Regarding Baptiste's argument that he was not engaged in the business of

dealing in firearms and therefore did not need to apply for a license from the Attorney General, § 921(a)(21)(C) does not require a threshold number of sales, profit, or hours spent before a person has engaged in the business of dealing in firearms. *See* 18 U.S.C. § 921(a)(21)(C). A reasonable jury could infer that Baptiste's principal objective was livelihood and profit based on Bosquet's testimony that Baptiste suggested they ship guns to Haiti for Mendes to sell and the timing of Baptiste's firearms purchases, shipments, and flights to Haiti. *See Bailey*, 123 F.3d at 1392. A jury would therefore be justified in concluding beyond a reasonable doubt that Baptiste engaged in the business of dealing in firearms. Accordingly, we affirm Baptiste's convictions.

   **AFFIRMED.**[2]

---

[2]    The Government's motion to strike portions of Baptiste's reply brief is denied as moot.