[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 19-11264

_____

PBT REAL ESTATE, LLC,
a Florida limited liability company,

Plaintiff-Appellant,

*versus*

TOWN OF PALM BEACH,
a Florida municipal corporation,
DOROTHY JACKS,
as Property Appraiser of Palm Beach County, Florida,
ANNE M. GANNON,
as Tax Collector of Palm Beach County, Florida,

Defendants-Appellees.

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:17-cv-81254-DMM

————————————

Before BRANCH, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Win or lose, in most civil cases you pay your own attorney's fees. But when a court rejects a frivolous 42 U.S.C. § 1983 claim, it has the discretion to award the defendant attorney's fees. Here, PBT Real Estate sued the Town of Palm Beach under § 1983 and Florida law. After rejecting PBT's third amended complaint, the district court awarded attorney's fees to the Town, concluding that it had become obvious that PBT's § 1983 claims were frivolous. PBT argues that this decision was an abuse of the court's discretion. Even if we may have exercised our discretion differently, the district court did not abuse its discretion when it awarded attorney's fees here.

I.

The Town of Palm Beach decided to move its utility lines underground and to fund the project through a special assessment.[1]

---

[1] This is the second appeal in this case. We therefore will not duplicate the detailed background facts and procedural history outlined in the previous

19-11264                Opinion of the Court                3

The Town allotted the special assessment based on the reliability, safety, and aesthetic benefits each property would receive from this improvement. After initially implementing the project—and its accompanying special assessment—on an as-requested, neighborhood-specific basis, the Town decided to underground the utilities in all remaining areas. In this final phase, it chose to exempt from special assessment the properties that it had previously assessed, but did not exempt properties that had independently funded and executed their own undergrounding projects. Because Palm Beach Towers—where PBT's property was located—had shifted its lines underground at its own expense, the Town did not exempt PBT.

PBT concluded that this special assessment violated the Constitution, and sued under § 1983.[2] But in each of its three amended complaints, PBT failed to establish a prima facie case. For its class-of-one equal protection claim, PBT argued that the Town had no rational basis to justify assessing a property that had privately undergrounded its utilities when it exempted the properties in the areas where the Town had undergrounded the

---

opinion reviewing the underlying merits. *See PBT Real Estate, LLC v. Town of Palm Beach*, 988 F.3d 1274, 1278–83 (11th Cir. 2021).

[2] PBT also brought Florida law claims not relevant here because the fee award only stemmed from the § 1983 claims and PBT failed to dispute in its initial brief whether the Town was a prevailing party. *See United States v. Levy*, 379 F.3d 1241, 1242–43 (11th Cir. 2004) (reiterating that arguments not raised in initial briefs are forfeited).

utilities through a special assessment.  The district court rejected this claim each time it was filed because PBT failed to establish that the compared properties were "similarly situated in light of all the factors that would be relevant to an objectively reasonable governmental decisionmaker."[3]  In its last two complaints PBT also claimed that the assessment violated PBT's right to substantive due process because the project produced no benefit to PBT.  The court rejected this claim both times, explaining that because PBT never challenged the assessment as a whole (rather than as applied to PBT), it failed to fit its claim into the narrow substantive-due-process protection against irrational legislative action.  *See Kentner v. City of Sanibel*, 750 F.3d 1274, 1281 (11th Cir. 2014).  On appeal, we affirmed on both counts.  *See PBT Real Estate, LLC v. Town of Palm Beach*, 988 F.3d 1274, 1285–86 (11th Cir. 2021).

Before that appeal was decided, the Town motioned for attorney's fees under 42 U.S.C. § 1988.  The district court granted the motion.  The court reasoned that fees were justified because PBT never established a prima facie case for either claim and repeatedly refiled the same claims without resolving the flaws the court had identified on prior dismissals.  PBT challenges that award.

---

[3] The court dismissed the first and second amended complaints.  On the third amended complaint, the court granted the Town's motion for summary judgment on PBT's § 1983 claims because the Town filed that motion before it filed its motion to dismiss.

## II.

To obtain attorney's fees under § 1988, a defendant must show that it was the prevailing party and that the plaintiff's claim was frivolous. *Sullivan v. Sch. Bd. of Pinellas Cnty.*, 773 F.2d 1182, 1188 (11th Cir. 1985). Prevailing party status is not challenged here. We review for abuse of discretion a district court's decision that claims are "so frivolous, unreasonable, or groundless" that they justify an award of attorney's fees under § 1988. *Beach Blitz Co. v. City of Miami Beach*, 13 F.4th 1289, 1297 (11th Cir. 2021). "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).

We have outlined several "important" factors that shed light on whether a claim is frivolous: "(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." *See Sullivan*, 773 F.2d at 1189. A fourth factor, which we recently clarified is "particularly important," is "whether there was enough support for the claim to warrant close attention by the court." *See Beach Blitz*, 13 F.4th at 1302; *Busby v. City of Orlando*, 931 F.2d 764, 787 (11th Cir. 1991). These factors enable district courts to exercise discretion because

6                    Opinion of the Court                    19-11264

they are "general guidelines only, not hard and fast rules." *See Sullivan*, 773 F.2d at 1189.

The district court did not abuse its discretion here. The first and third factors unequivocally label the § 1983 claims frivolous, and both parties concede that the second factor stays neutral. It is a close call, however, because the fourth factor cuts in the other direction.

The district court emphasized that PBT should not have filed complaint after complaint without curing the obvious defects in its arguments. PBT began without a prima facie case and never took the steps the court indicated were necessary to establish one. In each iteration, PBT never explained how its alleged comparators could be sufficiently similar when they had already been subjected to a special assessment. So its equal protection claim always failed. Nor did PBT ever explain how the special assessment was irrational as a whole rather than as applied to PBT. These repeated omissions led the district court to dismiss the case before trial.

That brings us to the fourth factor: whether there was enough support for PBT's claims to merit close attention from the court. On the one hand, PBT provided no cases to support its constitutional arguments. *See PBT Real Estate*, 988 F.3d at 1285–86; *cf. Beach Blitz*, 13 F.4th at 1304–05 (holding a claim warranted close review when two prior cases supported it). And because PBT failed to rectify the flaws identified in earlier complaints, the final complaint—the basis of the attorney's fees award—required minimal review by the district court. *See Christiansburg Garment*

*Co. v. EEOC*, 434 U.S. 412, 422 (1978) (noting fees may be awarded even if claims are not frivolous at first if the "plaintiff continued to litigate after it clearly became so"). Moreover, this Court unanimously rejected both claims on appeal, relying on the same flaws the district court had identified. *See PBT Real Estate*, 988 F.3d at 1285–86.

On the other hand, however, it was not obvious from the beginning that PBT's claims were entirely frivolous. Even after the second amended complaint, the district court dismissed PBT's claims without prejudice, allowing PBT to amend and refile its complaint. This at least indicated that the § 1983 challenges to the special assessment were not impossible. If PBT had capitalized on the feedback provided in prior dismissals, it would have stood a better chance. Further, this case warranted enough attention that on the prior appeal we requested oral argument and published our decision. *See PBT Real Estate*, 988 F.3d at 1274. These two facts indicate that PBT's claims warranted at least some review.

But the standard of review here—abuse of discretion—is designed to ensure that the district court's judgment prevails in close cases. As a result, we sometimes "affirm the district court even though we would have gone the other way had it been our call." *United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc). PBT's § 1983 claims lacked support, and PBT was given multiple opportunities to remedy the problem. The district court thus did not abuse its discretion when it concluded that by the third

amended complaint PBT's § 1983 claims were so frivolous that they merited attorney's fees.

★     ★     ★

The district court did not abuse its discretion, so we **AFFIRM** the award of attorney's fees.