[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 21-13711 & No. 23-10475

Non-Argument Calendar

_____

TERESA NAJERA HERNANDEZ,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petitions for Review of a Decision of the
Board of Immigration Appeals
Agency No. A078-243-398

_____

Before GRANT, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

In these consolidated petitions for review, Teresa Najera Hernandez seeks review of (1) the Board of Immigration Appeals's order dismissing her appeal of an immigration judge's decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture; and (2) the Board's order denying her motion to reopen. We deny both of the petitions.

**I.**

In December of 2014, Teresa Najera Hernandez, a native and citizen of Mexico, was paroled into the United States when she attempted to enter without valid entry documents. At her first hearing, with the assistance of Uriel Delgado, an attorney from the law firm Kuck Baxter Immigration, LLC, she filed a Form I-589 to apply for asylum and withholding of removal. On the form, she also attempted to apply for relief under the Convention Against Torture (CAT), explaining her fear of being tortured if returned to Mexico and checking two boxes indicating that she sought CAT relief, though she missed a third. The immigration judge scheduled a hearing on the merits of her claims for March 29, 2019.

On the date of the hearing, Najera Hernandez appeared with a different attorney, also from Kuck Baxter. The new attorney, Jorge Gavilanes, explained that Mr. Delgado had learned two days ago that he could not attend the hearing because of a scheduling conflict with another case. Although Gavilanes had prepared for

the hearing, he requested a brief continuance—about two weeks—to permit Delgado to return because Najera Hernandez was unhappy with Gavilanes's representation. The immigration judge denied the continuance, finding no good cause shown for a delay.

At the hearing, Najera Hernandez testified that she feared for her safety if returned to Mexico. In September of 2014, she was involved in a car accident, where the driver who rear-ended her began verbally and physically berating her and threatening her life. She believed that this man was a member of organized crime. When police arrived at the scene, the man bribed an officer, who issued a citation to Najera Hernandez and ignored her complaints about the other driver's threats. Later, her son was followed home from school by two men in a white van, whom she believed were attempting to kidnap him. She also saw two men sitting outside her home on a few different days, and believed they were monitoring her. She did not report either of these incidents to the police.

After taking Najera Hernandez's testimony, the immigration judge denied her applications for relief and ordered her removed to Mexico. Although the judge stated that it appeared she was not seeking CAT relief, the judge addressed the issue anyway, ruling against her eligibility for relief on the merits. Najera Hernandez, now proceeding pro se, appealed to the Board, which adopted and affirmed the immigration judge's decision.

Now represented by new counsel from a different firm, Najera Hernandez filed a timely motion to reopen with the Board.

She principally argued that previously unavailable evidence showed she faced an ongoing threat if returned to Mexico. She also argued that the immigration judge had improperly infringed her right to counsel of her choosing by denying a continuance, and that the immigration judge had failed to give reasoned consideration to her CAT claim. The Board denied the motion to reopen, finding that Najera Hernandez's new evidence was either cumulative to evidence already in the record or non-material. It also found that any error by the immigration judge with respect to denying a continuance did not prejudice Najera Hernandez, and that the immigration judge had given adequate consideration to her CAT claim.

Najera Hernandez timely filed petitions for review from both the Board's order affirming the immigration judge's denial of relief and from its order declining to reopen.

## II.

We review only the decision of the Board of Immigration Appeals, except to the extent that the Board has expressly adopted the immigration judge's decision. *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 799 (11th Cir. 2016). Where the Board explicitly agrees with the immigration judge's findings, we review both the Board's and the immigration judge's decisions as to those issues. *Id.* In deciding whether to uphold the Board's decision, we are limited to the grounds upon which the Board relied. *See Gonzalez v. U.S. Att'y Gen.*, 820 F.3d 399, 403 (11th Cir. 2016).

We review the Board's factual findings for substantial evidence and legal issues de novo. *Zheng v. U.S. Att'y Gen.*, 451 F.3d 1287, 1289 (11th Cir. 2006). An argument that the Board failed to give reasoned consideration to an issue is a question of law that we review de novo. *Jeune*, 810 F.3d at 799.

We review the Board's denial of a motion to reopen an immigration petition for abuse of discretion. *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009). "Motions to reopen in removal proceedings are particularly disfavored." *Id.* Our review is limited only to determining whether the Board exercised its discretion in an arbitrary or capricious manner. *Id.*

## III.

### A.

Najera Hernandez's first petition for review argues that the immigration judge and the Board of Immigration Appeals, by extension, failed to give her claim for CAT relief reasoned consideration. The Board must give reasoned consideration to the issues presented to it, meaning that its decision must show that it has "considered the issues raised and announced its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Jeune*, 810 F.3d at 803 (alterations adopted) (quotation omitted). To be sure, the "Board does not need to do much." *Ali v. U.S. Att'y Gen.*, 931 F.3d 1327, 1333 (11th Cir. 2019). It "need not address specifically each piece of evidence the petitioner presented." *Id.* (alteration adopted) (quotation omitted). We have held that a Board decision that "lists

the basic facts of the case, references the relevant regulatory and statutory provisions on which the order is based, and accepts several grounds on which the Immigration Judge properly denied the motion" demonstrates reasoned consideration sufficient to enable meaningful review. *Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 874–75 (11th Cir. 2018).

On the other hand, the Board does not give reasoned consideration when it "misstates the contents of the record, fails to adequately explain its rejection of logical conclusions, or provides justifications for its decision which are unreasonable and which do not respond to any arguments in the record." *Id.* at 874 (quotation omitted). Ultimately, for the Board's decision to exhibit a lack of reasoned consideration, it must "force[] us to doubt whether we and the Board are, in substance, looking at the same case." *Ali*, 931 F.3d at 1334.

The Board's order affirming the immigration judge's decision expressly adopted the immigration's judge's reasoning. The immigration judge's analysis of Najera Hernandez's CAT claim was short, no doubt because the judge concluded that Najera Hernandez had not intended to seek CAT relief.[1]   But it still

---

[1] That conclusion was erroneous. Najera Hernandez indicated in at least three separate places on her Form I-589 that she intended to apply for CAT relief and explained why she feared torture if returned to Mexico. *See* 8 C.F.R. § 1208.13(c)(1) (providing that an applicant will be considered for relief under CAT "if the applicant requests such consideration or if the evidence presented by the alien indicates that the alien may be tortured in the country of removal").

contained a decision on the merits and enough reasoning to enable meaningful review. The judge explicitly stated that Najera Hernandez "has not demonstrated that . . . she would more likely than not be tortured in the future by or with the acquiescence of the officials of the Mexican government." Those findings were preceded by a detailed description of Najera Hernandez's evidence, summarizing her past experiences in Mexico and the reasons she claimed she will be targeted if she returns. Pointing to specific contrary pieces of record evidence, the judge then described why Najera Hernandez had not established either that she would be targeted by organized crime in the future if she were to return to Mexico, or that "the Mexican government is unwilling or unable to protect her." In other words, the judge made the necessary findings to support the denial of relief, and explained why those findings were supported by the record. That was enough.

In her reply brief, Najera Hernandez also challenges the immigration judge's finding on the merits that she was not entitled to CAT relief as unsupported by substantial evidence. Issues raised for the first time in a petitioner's reply brief are forfeited. *United States v. Levy*, 379 F.3d 1241, 1244 (11th Cir. 2004). Najera Hernandez's initial brief does not squarely present a substantial evidence challenge to the immigration judge's denial of CAT relief. Both the "statement of issues presented" and the "summary of argument" reference only her argument that the judge's decision lacked reasoned consideration. The body of the brief argues only that "remand is worthwhile" because a fuller consideration of Najera Hernandez's evidence, both old and new, will establish her

"*prima facie* eligibility for CAT protection."  She did not argue that the immigration judge's denial on the merits was unsupported by substantial evidence—any new argument to that end is thus forfeited.

Nevertheless, even if Najera Hernandez had raised a substantial evidence challenge, it would fail.  In reviewing for substantial evidence, we will affirm the Board's decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole."  *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc) (quotation omitted).  A finding of fact will be reversed only when the record "compels" it, not just because the record "may support a contrary conclusion."  *Id.*

Najera Hernandez has not shown that the agency's decision was not supported by substantial evidence.  For the same reasons that the immigration judge found that Najera Hernandez could not establish a well-founded fear of persecution—a finding she does not challenge in this Court—the agency reasonably concluded that she could not show she would be tortured if returned to Mexico, an even higher burden for an applicant to satisfy.  *See Lingeswaran v. U.S. Att'y Gen.*, 969 F.3d 1278, 1293 (11th Cir. 2020).  Same with the judge's determination that she had not shown that the government of Mexico would acquiesce in any such torture—aside from the police officer who initially responded to the accident, Najera Hernandez did not formally report any of her concerns about organized crime to any authority.  While Najera Hernandez argues the evidence could be weighed differently, a substantial evidence

challenge succeeds only if the record *compels* a different conclusion, a standard not met here.

### B.

Najera Hernandez's second petition for review argues that the Board abused its discretion by declining to re-open after she presented it with new evidence bearing on her eligibility for relief. She also argues that the Board erred both by declining to find that the immigration judge improperly denied her the right to counsel of her choice and by failing to give reasoned consideration to the issue.

A noncitizen seeking to reopen removal proceedings must establish the existence of new or previously unavailable material evidence that would likely affect the outcome of her case. 8 C.F.R. § 1003.23(b)(3). To establish that the changed conditions are material, the noncitizen "must present evidence that demonstrates that, if the proceedings were opened, the new evidence would likely change the result in the case." *Jiang*, 568 F.3d at 1256–57.

Here, the Board did not act arbitrarily and capriciously when it found that the evidence Najera Hernandez submitted was either nonmaterial or cumulative of evidence already in the record. The Board reasonably concluded that the new allegations of danger she submitted—statements from her neighbors that two men had recently inquired about her whereabouts—did not provide enough specificity to determine the affiliation of the individuals seeking her or their intentions. And her updated country conditions evidence did not paint a meaningfully different picture about the

pervasiveness of organized crime in Mexico. We cannot say that the Board abused its discretion when determining that, even if these facts were added to the record, the outcome of the proceedings would not have been any different.

Finally, the immigration judge's denial of a continuance for Najera Hernandez to proceed with her original counsel, Mr. Delgado, does not provide this Court with a basis to vacate. The sine qua non of a procedural due process claim is "substantial prejudice." *Priva v. U.S. Att'y Gen.*, 34 F.4th 946, 954 (11th Cir. 2022). Under that standard, "the petitioner must demonstrate that, in the absence of the alleged violations, the outcome of the proceeding would have been different." *Id.* at 955 (quotation omitted). Najera Hernandez has not pointed to any evidence that Mr. Gavilanes failed to elicit at the hearing, nor any reason why Mr. Delgado would have been able to secure a different outcome. She thus cannot show prejudice. The Board's denial of her motion to reopen adequately explained as much, so her reasoned consideration challenge fails as well.

*          *          *

**PETITIONS DENIED.**