[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-10525
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 31, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-80528-CV-WJZ

ROY DIXON,

Plaintiff-Appellant,

versus

PALM BEACH COUNTY PARKS
AND RECREATION DEPARTMENT,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 31, 2009)

Before TJOFLAT, EDMONDSON and BLACK, Circuit Judges.

PER CURIAM:

Roy Dixon, an African-American Christian male proceeding pro se, appeals the district court's grant of summary judgment in favor of his employer, the Palm Beach County Parks and Recreation Department (the County), on his claims of religious discrimination, racial discrimination, and retaliation, raised pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e-2(a)(1), 2000e-3(a).

Dixon raises three arguments on appeal, which we address in turn. After de novo review, we affirm the district court.[1]

## I. Religious Discrimination

First, Dixon argues he presented sufficient evidence to establish a prima facie case of disparate treatment based on his religion and to show that the County failed to reasonably accommodate his religious beliefs in order to withstand summary judgment on his religious discrimination claim.

Title VII makes it unlawful for an employer to discriminate with respect to an employee's "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42

---

[1] We review a district court's grant of summary judgment de novo, viewing all evidence and drawing all reasonable inferences in favor of the non-moving party. *Galvez v. Bruce*, 552 F.3d 1238, 1241 (11th Cir. 2008). When reviewing a grant of summary judgment, we may affirm on any legal ground supported by the record, regardless of whether the district court relied on that ground. *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1256 (11th Cir. 2001).

U.S.C. § 2000e-2(a)(1). When Title VII claims are supported by circumstantial evidence, we apply the burden-shifting framework articulated in *McDonnell Douglas Corp. v. Green*, 93 S. Ct. 1817 (1973). *Brooks v. County Com'n of Jefferson County*, 446 F.3d 1160, 1162 (11th Cir. 2006).

To establish a prima facie case of disparate treatment under Title VII with circumstantial evidence, a plaintiff must show: (1) he is a member of a protected class; (2) he was subject to an adverse employment action; (3) his employer treated similarly situated employees who were not members of his protected class more favorably; and (4) he was qualified for the job or benefit at issue. *Gillis v. Georgia Dept. of Corrs.*, 400 F.3d 883, 887 (11th Cir. 2005).

Title VII also requires an employer "make reasonable accommodation for the religious observances of its employees, short of incurring an undue hardship." *Lake v. B.F. Goodrich Co.*, 837 F.2d 449, 450 (11th Cir. 1988) (citation and quotation omitted). To establish a prima facie case of religious discrimination based on a failure to accommodate religious beliefs, a plaintiff must present sufficient evidence to prove: (1) he had a bona fide religious belief that conflicted with an employment requirement; (2) he informed his employer of his belief; and (3) he was disciplined for failing to comply with the conflicting employment

requirement. *Morrissette-Brown v. Mobile Infirmary Med. Ctr.*, 506 F.3d 1317, 1321 (11th Cir. 2007).

Although evidence showed Dixon was given a written record of counseling, was initially denied his requests for Sundays off, and was transferred from the bicycle patrol unit, these were not adverse employment actions because they did not result in a serious and material change in the terms, conditions, and privileges of Dixon's employment. *See Davis v. Town of Lake Park, Fla.*, 245 F.3d 1232, 1239 (11th Cir. 2001) (requiring a showing of "a *serious and material* change in the terms, conditions, or privileges of employment" to prove an adverse employment action); *see also Doe v. DeKalb County Sch. Dist.*, 145 F.3d 1441, 1452 (11th Cir. 1998) (noting a transfer to a different position may be adverse if it involves a reduction in pay, responsibilities, or prestige). Because Dixon was not subject to an adverse employment action, he failed to demonstrate a prima facie case of disparate treatment based on his religion. Likewise, Dixon also failed to establish a prima facie case of discrimination based on a failure to provide a reasonable religious accommodation because he was not disciplined for failing to comply with an employment requirement that conflicted with his religious beliefs. *See Morrissette-Brown*, 506 F.3d at 1321. Accordingly, the district court did not

err in granting summary judgment to the County on Dixon's religious discrimination claim.

## II. Racial Discrimination

Dixon next contends the district court erroneously dismissed his racial discrimination claim because he adequately demonstrated that race was a motivating factor in his inability to obtain a religious accommodation and a transfer to his preferred day-shift schedule.

Claims of racial discrimination based on circumstantial evidence are evaluated under the *McDonnell Douglas* burden-shifting framework, and generally require the same elements of a prima facie case that are involved in religious discrimination claims. *See Gillis*, 400 F.3d at 888. Dixon did not demonstrate he was subject to an adverse employment action, thus the district court properly granted summary judgment to the County on his racial discrimination claim. *Davis*, 245 F.3d at 1238-39 (explaining not all conduct by an employer that negatively affects an employee constitutes adverse employment action, rather "the employment action must be materially adverse as viewed by a reasonable person in the circumstances").

## III. Retaliation

Finally, Dixon argues he was subjected to an adverse employment action for filing a race discrimination complaint and, thus, the district court erred in granting summary judgment on his retaliation claim.[2]

The anti-retaliation provision of Title VII prohibits an employer from discriminating against an employee for opposing an unlawful employment practice or a making charge of discrimination. 42 U.S.C. § 2000e-3(a). To establish a prima facie case of retaliation, a plaintiff must prove: (1) he engaged in protected activity under Title VII; (2) he suffered a materially adverse action; and (3) there was a causal connection between the two events. *Goldsmith v. Bagby Elevator Co., Inc.*, 513 F.3d 1261, 1277 (11th Cir. 2008) (citing *Burlington N. & Santa Fe Ry. Co. v. White*, 126 S.Ct. 2405, 2410-16 (2006)). To constitute a materially adverse action, the employer's actions must be "harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co.*, 126 S. Ct. at 2409.

---

[2] Dixon also made references in his complaint to being intimidated and harassed by his employer. However, in his response to the County's motion for summary judgment, Dixon clarified that he was not asserting a separate hostile work environment claim. Because the district court granted summary judgment as to all of Dixon's claims, and he does not raise a hostile work environment claim on appeal, any issues in this regard are deemed abandoned. *See United States v. Levy*, 379 F.3d 1241, 1242-43 (11th Cir. 2004) (noting that issues not raised on appeal are generally considered abandoned).

As with his discrimination claims, Dixon failed to demonstrate that the alleged retaliatory actions were materially adverse. Moreover, even if Dixon established a prima facie case, the County proffered legitimate, non-discriminatory reasons for denying Dixon's requests for Sundays off and transferring him to the motor vehicle unit and Dixon failed to demonstrate that these reasons were pretexts for retaliation. *See Crawford v. Carroll*, 529 F.3d 961, 976 (11th Cir. 2008) ("The inquiry into pretext requires the court to determine, in view of all the evidence, whether the plaintiff has cast sufficient doubt on the defendant's proffered nondiscriminatory reasons to permit a reasonable factfinder to conclude that the employer's proffered legitimate reasons were not what actually motivated its conduct.") (citation and quotation omitted).[3] Dixon did not demonstrate the alleged retaliatory actions were materially adverse, nor did he present evidence to demonstrate the County's articulated reasons were false, and that the real motive was retaliatory, thus the district court did not err in granting summary judgment on this claim.

---

[3] Even if a district court does not go beyond the prima facie case analysis, we may still affirm the decision based on a failure to demonstrate pretext. *See Cuddeback v. Florida Bd. of Educ.*, 381 F.3d 1230, 1236, n.5 (11th Cir. 2004) (considering pretext in the first instance because the record was "clear as to the final outcome" and "sufficiently developed" to decide the issue).

## IV.

The district court properly granted summary judgment on all of Dixon's Title VII claims because he was unable to establish a prima facie case of religious discrimination, racial discrimination, or retaliation. Accordingly, we affirm.

**AFFIRMED.**