[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15215
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 6, 2010
JOHN LEY
CLERK

Agency Nos. A095-894-831,
A095-886-866

ANA DE TORRES HERNANDEZ,
OLGA YURANY TORRES,
LOUREN TATHIANA GAITAN,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(May 6, 2010)

Before EDMONDSON, BIRCH and CARNES, Circuit Judges.

PER CURIAM:

Ana de Torres Hernandez, along with her daughter and granddaughter, filed a petition for review with this Court on October 16, 2009.[1] The petition states that Torres Hernandez seeks review of the BIA's September 16, 2009 decision, which denied her motion for reconsideration. Torres Hernandez's brief, however, challenges the BIA's February 24, 2009 decision dismissing her appeal from the Immigration Judge's decision denying her claims for withholding of removal and relief under the Convention Against Torture. Torres Hernandez's brief fails to present any arguments about the BIA's September decision denying her motion for reconsideration.

I.

"We review de novo our subject-matter jurisdiction." Sanchez Jimenez v. United States Att'y Gen., 492 F.3d 1223, 1231 (11th Cir. 2007). A petition for review challenging an order of removal must be filed within 30 days of the date of the final order of removal. 8 U.S.C. § 1252(b)(1). The 30-day time period is "mandatory and jurisdictional" and is not subject to equitable tolling. Dakane v. United States Att'y Gen., 399 F.3d 1269, 1272 n.3 (11th Cir. 2005) (quotation marks omitted). Furthermore, filing a motion to reconsider will not stop the 30-day time-to-appeal clock from running. See Stone v. I.N.S., 514 U.S. 386, 405,

---

[1] Torres Hernandez's daughter, Olga Yurany Torres, is a co-petitioner, and her granddaughter, Louren Tathiana Gaitan, is a derivative petitioner. This opinion will refer to all three petitioners collectively as "Torres Hernandez."

2

115 S.Ct. 1537, 1549 (1995) ("[A] deportation order is final, and reviewable, when issued. Its finality is not affected by the subsequent filing of a motion to reconsider.").

We lack jurisdiction to consider Torres Hernandez's challenge to the BIA's February 2009 decision dismissing her appeal. The petition for review was not filed until October 2009, which was long past the 30-day deadline, and the filing of the motion for reconsider did not stop that deadline from passing. We must dismiss the petition for lack of jurisdiction in this respect.

II.

As for Torres Hernandez's challenge to the BIA's decision denying her motion to reconsider, her initial brief presented no arguments at all on the subject. "When an appellant fails to offer argument on an issue, that issue is abandoned." Sepulveda v. United States Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005). Similarly, "[t]his court has a well-established rule that issues and contentions not timely raised in the initial brief are deemed waived or abandoned." United States v. Day, 405 F.3d 1293, 1294 n.1 (11th Cir. 2005).

Although Torres Hernandez filed a timely petition for review of the BIA's September 2009 decision, her initial brief does not address the standard of review, legal requirements, or factual arguments pertaining to the denial of her motion for

3

reconsideration. Accordingly, any argument on that issue is abandoned.[2]

**DISMISSED IN PART, DENIED IN PART.**

---

[2]Torres Hernandez has also filed a motion for leave to file an amended brief, submitting an amended brief along with that motion. The amended brief addresses the BIA's denial of her motion for reconsideration. The motion for leave to file an amended brief is **DENIED.** We do not consider issues that are not timely raised in the initial brief, nor do we permit supplemental briefs that seek to raise new issues on appeal. See United States v. Levy, 379 F.3d 1241, 1242 (11th Cir. 2004).