[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15527
Non-Argument Calendar
_____

Agency No. A095-571-506

GERARDO ANTONIO ZALUDA SAN JUAN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(August 7, 2012)

Before CARNES, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Gerardo Antonio Zaluda San Juan petitions for review of the denial by the

Board of Immigration Appeals of his motion for reconsideration of a final order of removal. San Juan argues that, when the Board affirmed his order of removal, it erred in ruling that he was ineligible for adjustment of status. San Juan contends that he was eligible for adjustment of status based on his marriage to Minerva Pagsanjan, within 90 days of San Juan's entry into the United States on a K-1 visa, even though their marriage was dissolved before the adjudication of his application for adjustment. We dismiss in part and deny in part.

A petitioner for review of a final order of removal must file his petition within 30 days of the issuance of that order. 8 U.S.C. § 1252(b)(1). This deadline is "mandatory and jurisdictional," Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1272 n.3 (11th Cir. 2005), and is not tolled by the filing of a motion to reconsider, Jaggernauth v. U.S. Att'y Gen., 432 F.3d 1346, 1350–51 (11th Cir. 2005). When a petitioner fails to argue or makes only a passing reference to an issue in his initial brief, the issue is abandoned. See Lapaix v. U.S. Att'y Gen., 605 F.3d 1138, 1145 (11th Cir. 2010); see also Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (issues not raised are abandoned); Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (a passing reference to an issue in a brief fails to preserve that issue). We do not address arguments raised for the first time in a reply brief. See, e.g., Al Najjar v. Ashcroft,

2

257 F.3d 1262, 1283 n.12 (11th Cir. 2001) (an issue not raised in an initial brief is abandoned); see also United States v. Levy, 379 F.3d 1241, 1244 (11th Cir. 2004) (We "repeatedly ha[ve] refused to consider issues raised for the first time in an appellant's reply brief.").

We lack jurisdiction to consider San Juan's arguments about the decision of the Board on June 13, 2011, that affirmed his order of removal. San Juan failed to file a timely petition for review of that order. We dismiss San Juan's petition insofar as it challenges that order. See Dakane, 399 F.3d at 1272 n.3.

San Juan abandoned any argument that he could have raised about the decision of the Board on October 26, 2011, that denied his motion for reconsideration. In his initial brief, San Juan mentions his motion for reconsideration only as a matter of the procedural history of his petition. He fails to offer any argument that the Board erred in denying that motion. Nor does he cite any law about motions for reconsideration. Although San Juan argues in his reply brief that the Board erred in denying his motion for reconsideration, we do not address arguments raised for the first time in a reply brief. See Al Najjar, 257 F.3d at 1283 n.12; see also Levy, 379 F.3d at 1244.

We dismiss in part and deny in part San Juan's petition.

**PETITION DISMISSED IN PART AND DENIED IN PART**.

3