[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14115
Non-Argument Calendar
_____

Agency No. BRB 15-0035

FEDERAL MARINE TERMINALS, INC.,
THE SIGNAL MUTUAL INDEMNITY ASSOCIATION,

                                                                                        Petitioners,

versus

DIRECTOR, OWCP,
JEREMY SCHOFIELD,
DEPARTMENT OF LABOR,

                                                                                        Respondents.

_____

Petition for Review of a Decision of the
Benefits Review Board
_____

(June 3, 2016)

Before JORDAN, ROSENBAUM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Jeremy Schofield injured his back in 2006 while working for Federal Marine Terminals, Inc. ("Federal Marine").  In 2007 and 2008, Schofield underwent three back surgeries, the first two of which were unsuccessful.  To deal with chronic severe pain related to his injury, Schofield began seeing a pain-management physician in 2009.   He continues to receive pain-management treatment. Schofield's current treatment regimen includes the use of narcotic medications.

Schofield filed a formal claim for compensation under the Longshore and Harbor Workers' Compensation Act in November 2008.  As part of a settlement agreement approved in February 2010, Federal Marine and its self-insurer, The Signal Mutual Indemnity Association ("Signal Mutual") (collectively, "Petitioners"), agreed to pay Schofield $325,000 in settlement of his compensation claim and to remain liable for Schofield's future medical treatment related to the injury.  *See* 33 U.S.C. § 908(i).

In July 2012, Petitioners notified Schofield that they would no longer authorize narcotic-based pain-management treatment, and they requested an informal conference on that medical-benefits issue.  The matter was referred to an administrative law judge ("ALJ"), who conducted a formal hearing.  After the hearing, the ALJ issued a decision and order finding that Petitioners were obligated to pay for Schofield's narcotic medications because such treatment was medically reasonable and necessary for his continued care.

Petitioners appealed the ALJ's decision to the Department of Labor Benefits Review Board (the "Board"), which affirmed the ALJ's decision. Petitioners now petition this Court for review. After careful review, we affirm the Board's decision and deny the petition for review.

Under the Longshore Workers' Act, the Board reviews an ALJ's decision to ensure that it is supported by substantial evidence and based on correct legal standards. *See* 33 U.S.C. § 921(b)(3) ("The findings of fact in the decision under review by the Board shall be conclusive if supported by substantial evidence in the record considered as a whole."); *Atl. Container Serv., Inc. v. Coleman*, 904 F.2d 611, 613-14 (11th Cir. 1990). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Del Monte Fresh Produce v. Dir., OWCP*, 563 F.3d 1216, 1219 (11th Cir. 2009) (quoting *Lollar v. Ala. By-Products Corp.,* 893 F.2d 1258, 1262 (11th Cir. 1990)). We defer to the ALJ's credibility determinations and her resolution of conflicting evidence. *Id.* When the facts permit diverse inferences, the ALJ's choice of inference is conclusive unless it is not supported by substantial evidence. *Fulks v. Avondale Shipyards, Inc.*, 637 F.2d 1008, 1011 (5th Cir. Feb. 1981).[1]

Our role in reviewing the decisions of the Board is to correct errors of law and to ensure that the Board has adhered to the proper standard of review. *Del*

---

[1] This Court adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

3

*Monte Fresh Produce*, 563 F.3d at 1219.   If the Board has upheld the ALJ's decision, "our limited review effectively cloaks the [Board]'s decision with the same deference to which the ALJ is entitled."   *Id.* (internal quotation marks omitted).

Under 33 U.S.C. § 907, employers are responsible for reasonable and necessary medical services for an eligible employee's work-related injury.  *See* 33 U.S.C. § 907(a) ("The employer shall furnish such medical, surgical, and other attendance or treatment, nurse and hospital service, medicine, crutches, and apparatus, for such period as the nature of the injury or the process of recovery may require.").  Disputes over whether "the treatment obtained was reasonable and necessary" are "factual matters within the administrative law judge's authority to resolve."  *Weikert v. Universal Mar. Serv. Corp.*, 36 Ben. Rev. Bd. Serv. (MB) 38, 2002 WL 539950, *2 (Mar. 21, 2002).  Accordingly, we review for substantial evidence the ALJ's determination that continued use of narcotic medications is medically reasonable and necessary to treat Schofield's chronic pain.

Here, substantial evidence supports the ALJ's determination that continuing use of narcotic pain treatment is reasonable and necessary.  The ALJ extensively reviewed the evidence presented at the hearing and issued a thorough order explaining the decision.  Specifically, the ALJ found that Schofield credibly testified that he experienced pain on a daily basis as a result of his work-related

injury and that he would not be able to function without the use of his narcotic medications. In support of the decision, the ALJ reasonably relied on the opinions of Schofield's treating pain-management physicians, Dr. John Barsa and Dr. Miguel Attias, who both testified that narcotic medications were, and continue to be, medically necessary to treat Schofield's chronic pain. We conclude that the ALJ rationally found that Dr. Barsa and Dr. Attias, as Schofield's treating physicians, were in the best positions to determine what course of treatment was medically necessary and reasonable to treat Schofield's chronic pain.

Petitioners contend that Schofield's positive drug tests for illicit or non-prescribed drugs, such as marijuana, render continued use of narcotic therapy unreasonable, citing guidelines from the American Pain Society. Petitioners also rely on evidence that several other physicians advised against continuing treatment with narcotics due to Schofield's positive drug tests and the long-term consequences associated with using opioid medications to treat chronic pain.

While the record does contain evidence that is favorable to their position, Petitioners have not shown that it was unreasonable for the ALJ to conclude that the treatment prescribed by Dr. Barsa and Dr. Attias was reasonable and necessary. Dr. Barsa and Dr. Attias both stated that, despite the drug tests and the long-term adverse consequences of using narcotics, the narcotic prescriptions were medically reasonable and necessary. Dr. Attias also testified that he was working with

Schofield to reduce and ultimately eliminate his use of narcotics. In addition, Dr. Barsa's and Dr. Attias's opinions were supported by Dr. David Herson, who evaluated Schofield and reviewed his medical records. Dr. Herson, who was board-certified in anesthesiology and pain management, testified that Schofield's narcotics prescriptions were medically reasonable and necessary and that he found no indications that Schofield abused the drugs prescribed to him. Based on this evidence, a reasonable ALJ could conclude that Schofield's narcotic medications were medically reasonable and necessary, despite their risks and despite the contrary views of other physicians. *See Del Monte Fresh Produce*, 563 F.3d at 1219.

Petitioners also claim that the ALJ improperly applied the "true doubt rule," invalidated by the Supreme Court in 1994, *see Dir., Office of Workers' Compensation Programs v. Greenwich Collieries*, 512 U.S. 267, 114 S. Ct. 2251 (1994). Despite listing the issue in the "Statement of the Issues" section of their initial brief, however, Petitioners failed to develop any argument on that point in the remainder of the brief. Accordingly, they have abandoned the issue. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680-81 (11th Cir. 2014) ("A party fails to adequately brief a claim when he does not plainly and prominently raise it, for instance by devoting a discrete section of his argument to those claims." (internal quotation marks omitted)). Petitioners' arguments in their reply

brief come too late.  *See United States v. Levy*, 379 F.3d 1241, 1244 (11th Cir. 2004) ("[T]his Court . . . repeatedly has refused to consider issues raised for the first time in an appellant's reply brief.").  Likewise, to the extent Petitioners challenge the severity of Schofield's injuries and his need for pain medication more generally, they did not properly raise the issue in their opening brief, and we will not consider their arguments raised for the first time in their reply brief.

In sum, substantial evidence supports the ALJ's determination that pain-management treatment including the prescription of narcotic medications was medically reasonable and necessary for Schofield's continued care.  *See* 33 U.S.C. § 907(a).  Therefore, we **AFFIRM** the decision of the Board, which affirmed the ALJ's decision, and **DENY** Petitioners' petition for review.