[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-10746
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cv-00148-JRH-BKE


CASANDRA WILLIAMS-EVANS,

                                                            Plaintiff-Appellant,

versus

ADVANCE AUTO PARTS,

                                                            Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(January 7, 2021)

Before JORDAN, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

        Casandra Williams-Evans appeals the district court's order granting

Advance Auto Parts' motion for summary judgment on her ADA claims.  She

thinks that Advance violated the ADA by not providing her with a reasonable

accommodation for her disability and by retaliating against her for engaging in protected expression.  But because Williams-Evans failed to reconcile her current position with statements to the Social Security Administration that she was disabled and unable to work, she is estopped from arguing that she is a qualified individual under the ADA—meaning that her failure-to-accommodate claim fails.  And because she did not establish that she suffered a materially adverse employment action, her retaliation claim fails too.  We therefore affirm.

## I.

Williams-Evans, a salesperson at an Advance store in Augusta, Georgia, injured her lower back at work when picking up a car battery.  That injury, which occurred on June 19, 2014, prompted a three week leave of absence.  Though she returned to work the next month, she continued to suffer from substantial back pain.

Advance provided her with a metal folding chair to sit on while she worked to help alleviate her pain, but she thinks that wasn't enough.  According to Williams-Evans, the chair was so low that she had to repeatedly sit and stand throughout the day to perform her job duties—aggravating her injuries further.  She requested that the chair be replaced with a stool with back support, but to no avail; Advance denied her request.

Throughout the four months following her return, Williams-Evans began working at Advance less and less.  She often showed up late, left work early, or missed entire shifts because of her back pain.  In October and November of 2014, she worked only two shifts at Advance for a total of six hours.

Advance did not discipline her for these absences.  Instead, it allowed her to work a flexible schedule and used other employees to cover for her when she was absent.  When she did show up to work, Advance excused some of her job duties to help manage her pain.

Even so, Williams-Evans's last shift at Advance was in November of 2014. She says she stopped working because her physician determined she was unable to work—at her sales job or any other.  Though Williams-Evans has not worked a shift at Advance in years, Advance has not terminated her employment and has not required her to go on a leave of absence.

Prior to initiating this lawsuit, Williams-Evans filed a charge with the Equal Employment Opportunity Commission asserting that Advance violated the ADA by discriminating against her on the basis of disability and retaliating against her. The EEOC issued her a right-to-sue letter on August 24, 2018, and she filed an action in district court the next month.

In her suit, Williams-Evans alleges that Advance violated the ADA in two ways.  She first claims that Advance discriminated against her on the basis of

3

disability by failing to provide her with a reasonable accommodation and by forcing her to take workers' compensation leave. She next claims that Advance retaliated against her for engaging in protected conduct by taking a whole host of adverse employment actions, such as increasing her hours and threatening her with termination.

The district court granted Advance's motion for summary judgment on both claims. It found that Williams-Evans was not a "qualified individual" under the ADA to make out her discrimination claim and that she failed to show any "adverse employment action" by Advance to make out her retaliation claim. This appeal followed.

## II.

We review the district court's application of judicial estoppel for abuse of discretion. *Taylor v. Food World, Inc.*, 133 F.3d 1419, 1422 (11th Cir. 1998). We review a district court's grant of summary judgment de novo. *Id.* Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

## III.

The ADA prohibits covered private employers from discriminating against qualified individuals on the basis of disability. 42 U.S.C. § 12112(a). To show she

is a "qualified individual," a plaintiff must show she is "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires."  42 U.S.C. § 12111(8). Because the ADA protects only individuals still able to perform the essential functions of their job, a plaintiff who is totally disabled and unable to work cannot sue for discrimination under the ADA.  *Slomcenski v. Citibank, N.A.*, 432 F.3d 1271, 1280 (11th Cir. 2005).

A plaintiff may be estopped from asserting that she is a qualified individual under the ADA if she already applied for and received disability benefits.  *Taylor*, 133 F.3d at 1423.  Whether a plaintiff is estopped depends on the specific statements she made to the Social Security Administration.  *Id.*  If she made a previous sworn statement asserting that she is disabled and unable to work, the "court should require an explanation of any apparent inconsistency with the necessary elements of an ADA claim" before allowing her claim to proceed. *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 807 (1999).

The first two elements of Williams-Evans's ADA claim are not at issue; the parties only dispute whether she is a "qualified individual" under the ADA.  The district court, noting that her submissions and testimony before the Social Security Administration conflicted with her position in her ADA claim, found that she was judicially estopped from claiming that she was a qualified individual; Williams-

5

Evans thinks this was error.  The task for us is deciding whether the district court abused its discretion in applying the doctrine of judicial estoppel here.

Williams-Evans asserts in her ADA claim that she was able to perform the essential functions of her job with Advance, but her position before the Social Security Administration tells a different story.  In September of 2012, she submitted a sworn application for Social Security disability benefits stating that she had been "unable to work" since June 22, 2012.  Though she started working for Advance in 2014, she never updated or revised this application to reflect that she was no longer disabled.  In fact, on January 4, 2016, she testified at a hearing before a Social Security Administration Administrative Law Judge that she was unable to lift more than five or six pounds, must lie down for 30 minutes every hour, and could only stand or sit for 20 to 25 minutes.  Based on this evidence, the ALJ found that she had been disabled since October 1, 2012 and awarded her disability benefits retroactive to that date.

These statements to the Social Security Administration are inconsistent with her position in this case that she could perform essential functions of her job with Advance.  Her job required that she install car batteries, clean the store, and man the cash register—all while "predominantly walking or standing."  Yet her position before the Social Security Administration was that she was unable to sit or stand

6

for more than 20 to 25 minutes, and that she must lie down for 30 minutes every hour.

To survive a motion for summary judgment, Williams-Evans needed to explain why her contentions before the Social Security Administration were consistent with her ADA claim—but she failed to do so. *Cleveland*, 526 U.S. at 807. She did not explain how she could be disabled yet still able to perform the essential functions of her sales position. And that means the district court did not abuse its discretion in holding that she was estopped from asserting that she was a qualified individual under the ADA.

Williams-Evans claims on appeal that her statements are in fact consistent, but any argument she did not raise below or in her initial brief is waived. She first says that because she only worked at Advance part-time, her claim to the Social Security Administration that she was unable to work 40-hour weeks is still consistent with being able to work for Advance for shorter workweeks. But she did not make this argument in the district court. We are a court of review, not "a court of first view," and that means we will not consider arguments raised for the first time on appeal. *Callahan v. U.S. Dep't of Health and Human Servs.*, 939 F.3d 1251, 1266 (11th Cir. 2019); *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004).

She also asserts—for the first time in her reply brief—that her testimony before the Social Security Administration was referring to her medical condition and injuries in 2016, not to her condition any time before. But we have repeatedly refused to consider arguments raised for the first time in an appellant's reply brief. *U.S. v. Levy*, 379 F.3d 1241, 1244 (11th Cir. 2004).

In short, the district court did not abuse its discretion in finding that Williams-Evans was judicially estopped from arguing that she was a qualified individual under the ADA. And for that reason, summary judgment for Advance on her ADA discrimination claim was warranted.

IV.

To establish a retaliation claim under the ADA, a plaintiff must show that: 1) she engaged in statutorily protected conduct; 2) she suffered an adverse employment action; and 3) there was a causal relationship between the action and her protected expression. *Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1336 (11th Cir. 1999). We analyze ADA retaliation claims under the same framework used for Title VII retaliation claims. *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1287 (11th Cir. 1997). A plaintiff must show that "a reasonable employee would have found the challenged action materially adverse," which, in the Title VII retaliation context, means it well might have "dissuaded a

8

reasonable worker from making or supporting a charge of discrimination."
*Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006).

Williams-Evans alleges quite a few adverse employment actions by
Advance. But after considering each in turn, we agree with the district court that
none are sufficient to make out a claim for retaliation under the ADA.

*First*, Williams-Evans claims that Advance forced her to take workers'
compensation leave, thereby retaliating against her. But the parties do not dispute
that it was her personal physician—not Advance—who told her to take this leave.
In fact, Williams-Evans testified at her deposition that her physician told her she
was unable to continue working and no one at Advance required her to go on
leave. Though she seems to argue now that the physician was Advance's agent,
she provides no factual or legal basis for that claim. The record does not show that
Advance forced Williams-Evans to take this leave—and instead shows that it was
her physician's decision—meaning that Advance cannot be held liable for this
decision.

*Second*, she claims that by denying her a stool as a reasonable
accommodation, Advance retaliated against her. But this is merely an attempt to
repackage her discrimination claim—which we already rejected for reasons
described above—as a retaliation claim. Under the ADA, an allegation based on
the employer's failure to fulfill affirmative duties prescribed by the ADA—such as

9

the duty to accommodate disabilities—forms the basis of a *discrimination* claim. *See U.S. Airways, Inc. v. Barnett*, 535 U.S. 391, 396 (2002) ("the ADA says that 'discrimination' includes an employer's '*not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified*'" employee) (quoting 42 U.S.C. § 12112(b)(5)(A)).  In contrast, an allegation based on an employer taking actions prohibited by the ADA forms the basis of a *retaliation* claim.  *See* 42 U.S.C. § 12203.  Here, Williams-Evans's claim is about what Advance failed to do—not about what it did do—and that means it was a claim of discrimination.  She cannot recharacterize her claim as one of retaliation simply to get a second bite at the apple.

*Third*, Williams-Evans thinks she was retaliated against because Advance threatened her with termination.  But a threat of termination, without more, is not a "materially adverse" employment action.  *Burlington*, 548 U.S. at 68.  Nothing suggests, nor does Williams-Evans argue, that at the time of the threat, Advance took any action—such as termination or demotion—that would be so harmful as to "dissuade a reasonable worker from making or supporting a charge" under the ADA.  *Id.* at 57.

*Fourth*, she points to the fact that Advance increased her scheduled hours of work for one week by one hour.  Of note, though its undisputed that she was scheduled to work an additional hour in the week at issue, she was also scheduled

10

to work fewer hours than usual for each of the subsequent weeks that month. Further, the number of hours she actually worked that month decreased because she was frequently absent or unable to complete a full shift. So once we consider this one-hour increase in context, it's clear that the change was not a "materially adverse" action. *Id.*

*Fifth*, she claims that she was subjected to a hostile work environment in retaliation for her activity. To establish a retaliatory hostile work environment, Williams-Evans needed to show that the mistreatment she endured "might have dissuaded a reasonable worker from making or supporting a charge" under the ADA. *Monaghan v. Worldpay US, Inc.*, 955 F.3d 855, 861 (11th Cir. 2020) (quoting *Burlington*, 548 U.S. at 68). Williams-Evans points to two statements: one by another employee after her injury saying that she was going to get fired and one by her manager saying that she would be terminated if she did not show up for work. But a reasonable person would not view those two statements, without more, as constituting "*material* adversity." *Burlington*, 548 U.S. at 68. Indeed, text messages from her coworkers show that they were sympathetic to her plight and encouraged her to recuperate before returning to work. And Williams-Evans testified that no one at Advance made derogatory or offensive comments about herself or others with disabilities. The two statements, especially in light of their context, are not enough to show a retaliatory hostile work environment.

11

*Finally*, she alleges three additional retaliatory actions, none of which were properly raised in the district court. She claims on appeal that Advance retaliated against her by reporting that she worked on days she was actually absent and by ignoring a complaint she filed with the human resources department. But she did not raise either argument in the court below in a way that would afford the district court an opportunity to recognize and rule on it, so we will not consider these arguments for the first time on appeal. *Access Now*, 385 F.3d at 1331. And even if Advance ignored her human resources complaint, that shows only a failure to act, not a material adverse action sufficient to make out a retaliation claim. *See U.S. Airways*, 535 U.S. at 396.

She also claims that Advance retaliated against her by changing her schedule without notice, causing her to lose pay. That argument was not raised until her response brief at the summary-judgment stage, and it is improper for a plaintiff to raise new claims through briefs opposing summary judgment. *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004). We therefore decline to consider any of these three arguments for the first time on appeal. *Access Now*, 385 F.3d at 1331.

Because Williams-Evans failed to allege that Advance took an adverse employment action against her, her retaliation claim fails as a matter of law. For

that reason, it was proper to grant Advance's motion for summary judgment on her claim.

*    *    *

In sum, the district court did not err in holding that Williams-Evans was judicially estopped from claiming that she was a qualified individual under the ADA. Because she failed to reconcile her statements before the Social Security Administration with her position in this case, she could not make out a prima facie case of discrimination. More, Williams-Evans failed to allege an adverse employment action taken by Advance, meaning her retaliation claim fails as a matter of law too. For those reasons, the judgment of the district court is

**AFFIRMED.**