**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-13352

Non-Argument Calendar

_____

DONNA R. EMBRY,

*Plaintiff-Counter Defendant-Appellant,*

*versus*

CARRINGTON MORTGAGE SERVICES, LLC,
WILMINGTON SAVINGS FUND SOCIETY FSB,

*Defendants-Counter Claimants-Appellees,*

JP MORGAN CHASE BANK,

*Defendant.*

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 1:22-cv-00007-CLM

_____

Before JORDAN, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Donna Embry appeals the district court's grant of Defendants Carrington Mortgage Services, LLC ("Carrington"), and Wilmington Savings Fund Society FSB's ("Wilmington", collectively "Defendants") motion for summary judgment and motion for judicial foreclosure. Embry brought suit to stop the foreclosure sale of her property, alleging breach of contract; unjust enrichment; defamation, slander, and libel; and violations of the Truth in Lending Act ("TILA"), Real Estate Settlement Procedures Acts ("RESPA"), Fair Debt Collection Practices Act ("FDCPA"), and the Fair Credit Reporting Act ("FCRA") as well as declaratory relief.

## I. FACTS

Embry purchased her home in March 2007 after borrowing $182,100 from Taylor Mortgage and granting Taylor a mortgage on the property. Embry's note and mortgage were then assigned to Wilmington. In February 2010, Embry filed for Chapter 13 bankruptcy protection and received a discharge in July 2015. At the time that she filed for bankruptcy, Chase was servicing the loan; Embry alleges that Chase improperly added 8 payments to her account balance in August 2015. Embry defaulted on her loan in April 2018.

Embry filed another Chapter 13 bankruptcy petition in January 2019 and her plan was confirmed in June 2019. Under the plan, the Trustee was to make payments on the loan beginning in February 2019. However, the Trustee moved to dismiss the case for failure to pay in September 2019 because Embry had not made any payments for six months. The bankruptcy court dismissed the

case in November.  According to the Trustee's report, Embry made her last payment to the Trustee around March 2019. Carrington began servicing the loan in November 2019.  Neither Defendant has received a payment on the loan since August 2019 and Embry testified that she has not attempted to make a payment to Carrington.

In June 2018, the previous loan servicer, Chase, gave Embry notice of her default, an acceleration warning, and notice of intent to foreclose.  Wilmington did the same in August 2021 and scheduled the sale for October 1, 2021, that was continued to December 7, 2021.  On December 6, 2021, Embry filed a complaint in state court against Carrington, Wilmington, and Chase.  The foreclosure sale was canceled and the suit was removed to federal court.  Wilmington asserted counterclaims for declaratory judgment, breach of contract, and judicial foreclosure.  Chase was dismissed from the case after a *pro tanto* settlement with Embry.

Defendants moved for summary judgment and a motion to strike Embry's affidavit.  The district court granted the motion to strike, striking portions of the affidavit, and holding that Embry's affidavit was inherently inconsistent with her deposition testimony when the affidavit stated that Carrington failed and refused to apply her monthly payments properly and failed to accept the proper payments, and when it stated that she never received her statements.  The court then granted the Defendants' motion for summary judgment.  First, it rejected her unjust enrichment claims because it held the doctrine was inapplicable because of the mortgage

4                    Opinion of the Court                    24-13352

contract.  It also noted that Embry had not produced evidence that Wilmington had received any funds that were inconsistent with its contract with Embry and that Carrington had not received any funds.  Finally, the court stated that Embry did not respond to any of the Defendants' arguments regarding the unjust enrichment claims, which the court deemed as abandonment of those claims.

Next, the court awarded summary judgment to Wilmington on Embry's breach of contract claim, holding that she failed to show that she performed under the contract and that the undisputed evidence, including her own testimony, showed that she failed to make a payment, a material breach, making her unentitled to bring a breach action under Alabama law.  It rejected Embry's breach of contract claim against Carrington because Carrington was not party to the contract and acted as an agent for Wilmington, which does not confer liability for the principal's breach.  Next, the district court rejected Embry's slander, libel, and defamation claims because nothing in the record showed that Defendants made any false statements about Embry.  Similarly, it rejected Embry's RESPA claim against Carrington because she failed to attach proof to her complaint or otherwise specify the contents of the alleged Qualified Written Requests ("QWR").  The court granted Carrington summary judgment on Embry's TILA claim because that cause of action was only available against a creditor, not a servicer like Carrington.  Like the RESPA claim, the court held Embry's claim under the FCRA failed because Embry failed to point to any evidence to support it and also because it was barred by the statute of limitations.  Citing Alabama law about the right of a party who

possesses a note indorsed in blank, as Wilmington does, to foreclose, it rejected Embry's FDCPA claim because Defendants produced undisputed evidence that Embry's debt was in default, that Wilmington had the right to foreclose, and that Carrington acted lawfully as its servicer. Finally, the court rejected Embry's plea for injunctive or declaratory relief because Embry provided no evidence to substantiate her allegations that she was not in default.

With Embry's claims resolved, the court turned to Wilmington's counterclaims. First the court noted that Embry did not respond to the counterclaims and it deemed any such response abandoned. However, the district court held that, based on the evidence in this case, Wilmington was entitled to enforce the terms of Embry's note and mortgage and that Embry had breached those terms. It thus granted Wilmington's motion for declaratory judgment, breach of contract, and judicial foreclosure.

## II. DISCUSSION

### A. *Improper Burden Shifting*

Embry argues that the district court improperly shifted the burden to her, the non-moving party, to prove entitlement to judgment.

We have recently summarized the respective burdens for the moving and non-moving parties with respect to a summary judgment motion:

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it could "affect the outcome of the suit under the governing law." *Furcron v. Mail Ctrs. Plus, LLC*, 843 F.3d 1295, 1303 (11th Cir. 2016) (internal quotation marks omitted). Accordingly, a genuine dispute of material fact exists where "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"[T]he moving party has the burden of demonstrating that there are no genuine issues of material fact . . . ." *Paylor v. Hartford Fire Ins.*, 748 F.3d 1117, 1121 (11th Cir. 2014). In determining whether the movant has met this burden, we must view the evidence in the light most favorable to the non-moving party. *See Alvarez v. Royal Atl. Devs., Inc.*, 610 F.3d 1253, 1263–64 (11th Cir. 2010). We also must draw all reasonable inferences in the non-movant's favor. *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1437 (11th Cir. 1991) (en banc); *FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1307 (11th Cir. 2011). However, inferences that are supported by only speculation or conjecture will not defeat a summary judgment motion. *See Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005).

The nature of a summary judgment movant's burden varies depending on which party would bear

the burden of proof on a disputed issue at trial. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). Where a defendant moves for summary judgment on an issue for which it would not bear the burden of proof at trial, it is not necessary for the defendant to entirely negate the plaintiff's claim. *Id.* at 1115–16; *see also Celotex Corp v. Catrett*, 477 U.S. 317, 323 (1986) ("[W]e find no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials negating the opponent's claim." (emphasis in original)). Instead, the movant "has the burden of either negating an essential element of the nonmoving party's case or showing that there is no evidence to prove a fact necessary to the nonmoving party's case." *McGee v. Sentinel Offender Servs., LLC*, 719 F.3d 1236, 1242 (11th Cir. 2013).

Once a summary judgment movant's initial burden is met, "the burden shifts to the nonmoving party to bring the court's attention to evidence demonstrating a genuine issue for trial." *Paylor*, 748 F.3d at 1121. "Overcoming that burden requires more than speculation or a mere scintilla of evidence." *Id.* at 1122. The non-movant must "go beyond the pleadings," to provide evidence and "designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (internal quotation marks omitted). The non-movant will survive summary judgment in this instance if it can demonstrate "that the record in fact contains supporting evidence, sufficient to withstand a directed verdict motion." *Doe v.*

*Drummond Co.*, 782 F.3d 576, 604 (11th Cir. 2015) (internal quotation marks omitted).

*Poer v. Jefferson Cnty. Comm'n*, 100 F.4th 1325, 1336 (11th Cir. 2024).

We have held that "the district court cannot grant a motion for summary judgment merely for lack of any response by the opposing party, since the district court must review the motion and the supporting papers to determine whether they establish the absence of a genuine issue of material fact." *Trs. of Cent. Pension Fund of Int'l Union of Operating Eng'rs & Participating Emps. v. Wolf Crane Serv., Inc.*, 374 F.3d 1035, 1039 (11th Cir. 2004) (internal quotations and citations omitted). This is based on the plain language of Rule 56(e), which provides that where "the adverse party does not respond, summary judgment, *if appropriate*, shall be entered against the adverse party." Fed.R.Civ.P. 56(e) (emphasis added). "[S]ummary judgment would be appropriate where the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Trs. Of Cent. Pension Fund*, 374 F.3d at 1039 (internal quotations and citations omitted).

In granting the Defendants' motion for summary judgment, the district court relied on the absence of any genuine issue of material fact with respect to Embry's claims on slander, libel, and defamation; RESPA; FCRA; and FDCPA. It also relied on facts in the record to grant the Defendants' motion for judicial foreclosure.

24-13352                Opinion of the Court                9

However, it granted the motion on legal grounds for the claims for breach of contract, unjust enrichment, and violations of the TILA.[1]

The Defendants argued in their motion for summary judgment that Embry had not identified any defamatory statements that Defendants made about her to support her slander, libel, and defamation claim. Thus, the burden shifted back to Embry to identify the statements but she failed to provide that evidence. *Celotex*, 477 U.S. at 324. This was not an improper shifting of the burden and the district court did not err.

For the RESPA claim, the Defendants asserted that Embry did not allege the contents of the purported QWRs or otherwise offer evidence of their contents. The district court granted the Defendants' motion on this ground. However, Embry did attach the purported QWRs to her amended complaint, as the last four exhibits. Therefore, the district court erred when it rejected her RESPA claim on this ground, and we must remand this claim for the district court to address further.

Defendants also pointed to Embry's unsubstantiated allegations regarding her FCRA claim and argued that Embry failed to

---

[1] We note that Embry has not challenged the district court's striking of portions of her affidavit or its rejection of her unjust enrichment and TILA claims on legal, as opposed to factual, grounds. She also has not challenged the court's rejection of her breach of contract claim against Carrington because she did not have a contract with Carrington. Any such challenges are deemed abandoned. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681-82 (11th Cir. 2014).

produce any evidence that Carrington reported any inaccurate or incomplete information about her account. The district court concurred and granted the motion because all that Embry presented were bare allegations that she contacted Carrington and the three credit bureaus. We agree: because she bore the burden of proof on this claim, Embry was required to "go beyond the pleadings," to provide evidence and "designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. Embry did not produce any evidence to support her claims and rebut Defendants' evidence that the amounts were valid.

Finding that Embry produced no evidence that contradicted the Defendants' evidence showing that Embry's note was in default because of Embry's failure to make the required payments, that Wilmington had the right to foreclose, and that Carrington acted as its servicer, the district court granted the motion for summary judgment on Embry's claim under the FDCPA, 15 U.S.C. § 1692f(6). Again, Embry needed to provide more than her allegations in the complaint and affidavit to counter the substantial evidence that the Defendants presented. The district court did not err when it asked for that evidence, and did not err when it granted summary judgment for Defendants on Embry's FDCPA claim.

Having found that uncontradicted evidence (including Embry's own deposition testimony) indicated that Embry had defaulted on the loan by failing to make the required payments, the district court held that Embry had breached the contract. We

24-13352              Opinion of the Court                    11

agree: the evidence of Embrey's breach by failure to pay is overwhelming.

In sum, for the foregoing reasons, we affirm the following district court rulings:

- Its holding that Embry breached the contract by failing to make the required payments;

- Its rejection of Embry's claims for unjust enrichment and Embry's libel, slander, and defamation;

- Its rejection of Embry's claims for violation of TILA, FCRA, and FDCPA. [2]

However, as noted above, with respect to Embry's claim that Defendants violated RESPA, the district court erred in relying on the court's erroneous impression that Embry had not provided the content of the purported QWRs; accordingly, Embry's claim for violation of RESPA is remanded to the district court for further proceedings.

*B. Embry's Contract Claims*

Embry makes two contract claims.  First, she claims that Defendants violated paragraph 2 of the contract by improperly applying payments that Embry did make earlier or by otherwise asserting erroneous amounts owed by Embry.  The district court rejected

---

[2] We note that Embry has not challenged the grant of summary judgment on her claim brought under 15 U.S.C. § 1692e and so that claim is abandoned. *Sapuppo*, 739 F.3d at 681-82.

Embry's claim of breaching paragraph 2, holding that Embry had committed a material breach of the contract by failing to make her required mortgage payments. We agree that this is consistent with established Alabama law.[3] Accordingly, we affirm the district court's ruling rejecting Embry's claim that Defendants breached paragraph 2 of the contract.

Embry's second breach of contract claim is that Defendants violated paragraph 22 of the contract which set forth the requirements of the notice the mortgagee must give to the mortgagor when accelerating the loan. Embry claimed that Wilmington violated paragraph 22 by failing to send Embry notice of default and opportunity to cure, which she claims, citing *Jackson v. Wells Fargo Bank N.A.*, 90 So.3d 168 (Ala. 2012), rendered any attempt to foreclose invalid. Although the district court did not expressly address Embry's claim that Defendants violated paragraph 22, it did hold: "Embry's prior servicer, Chase, gave her notice of default, an acceleration warning and notice of intent to foreclose on June 19, 2018. The district court also held: "Wilmington gave Embry notice of acceleration and intent to foreclose on August 16, 2021." That June 19, 2018, notice is attached as Exhibit A, Attachment 8 to Defendants' motion for summary judgment. The August 16, 2021, notice is attached as Exhibit A, Attachment 9 to Defendants' motion for

---

[3] We also note that the district court noted that Embry had not adduced substantial evidence that Wilmington had received any benefits from Embry which were not consistent with its note and mortgage. We agree that Embry's assertions of misapplied payments or erroneous charges were merely conclusory.

summary judgment.  In other words, the district court clearly recognized the obvious fact that Embry's bald claim that she had been sent no notice of default, acceleration warning, and intent to foreclose was squarely contradicted by the record evidence.  The documents attached to Defendants' motion for summary judgment constitute such notice.  Notwithstanding the obvious fact that the summary judgment record clearly reveals the existence of such notice,[4] neither before the district court nor in her initial brief on appeal does Embry point to any deficiencies in either the June 19, 2018, notice or the August 16, 2021, notice.  Accordingly, we conclude that Embry has abandoned any claim that such notice was deficient in some manner.[5] *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681-82 (11th Cir. 2014) (holding arguments not made in initial brief are deemed abandoned).  Because the factual premise that underlies Embry's claim—i.e. that there was no notice of default, opportunity to cure, and intent to accelerate and foreclose—fails, we can affirm the district court's holding rejecting both of

---

[4] Moreover, the summary judgment record makes it very clear that Embry was well aware all along of the impending acceleration of her mortgage debt and intent to foreclose.  The record is replete with Embry's assertions of her repeated efforts to access loan modification and other mitigation options to avoid acceleration and foreclosure.

[5] For the first time in her reply brief on appeal, Embry seems to assume there might have been such notice and argues in conclusory manner that the notice was deficient, suggesting that there was no proof that Defendants mailed the required notice.  We do not entertain arguments raised for the first time in an appellate reply brief.  *United States v. Levy*, 379 F.3d 1241, 1242 (11th Cir. 2004).

14                    Opinion of the Court                    24-13352

Embry's breach of contract claims, both with respect to paragraph 2 and paragraph 22.[6]

### III. CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court in all respects except with respect to Embry's claim that Defendants violated RESPA, which claim is remanded to the district court for further proceedings.

AFFIRMED IN PART, VACATED AND REMANDED IN PART.

---

[6] Embry clearly was in default and breached the contract by failing to make the required mortgage payments. Because Embry's only argument challenging the district court's judgment of foreclosure fails—i.e. Embry's argument relying on *Jackson* that Defendants failed to send notice of default, opportunity to cure, and intent to accelerate and foreclose—we also affirm the district court's grant of Defendants' motion for summary judgment of foreclosure. To the extent that Embry now on appeal raises other arguments in opposition to the judgment of foreclosure, she waived those arguments by not fairly raising them in the district court. *Ruckh v. Salus Rehab., LLC*, 963 F.3d 1089, 1110-11 (11th Cir. 2020).